Marvin PINKSTON *v.* GENERAL TIRE & RUBBER COMPANY

CA 89-23                                        782 S.W.2d 375

Court of Appeals of Arkansas
Division II
Opinion delivered January 10, 1990

*Sam Boyce*, for appellant.

*Bill Walmsley*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the Workers' Compensation Commission. At the hearing before the administrative law judge, it was stipulated that appellant sustained a compensable back injury on July 19, 1982, and that benefits had been and were continuing to be paid for that injury. The issue was whether the claimant was entitled to medical benefits and temporary total disability for each of three subsequent incidents which occurred in 1986.

The first of these incidents occurred about 9:00 a.m. on January 13, 1986. Appellant testified he got out of the bathtub and, while drying off, lifted his left leg and his back "went out." He said he did not slip in the tub and, in fact, was not even in the tub when the pain hit. He further testified that he had been working the 3-11 p.m. shift but nothing had happened at work the previous day to cause his problem. Dr. Dennis Davidson, appel-

lant's family doctor, stated in a January 29, 1986, letter that this incident "represents merely a flareup of his old work related injury and is not a new injury sustained at home."

The administrative law judge held that the incident was a recurrence of appellant's July 1982 injury, and since appellant was off work more than seven days as a result of his 1982 injury, the law judge ordered appellee to pay temporary total disability benefits for the period appellant was disabled from January 13 through January 16, 1986. The full Commission agreed that this incident was a recurrence of the original 1982 injury and that appellant was entitled to medical benefits associated with the recurrence. However, it reversed the decision of the law judge awarding temporary total disability benefits for the period of January 13 through January 16 because that period of time did not exceed seven days. The Commission pointed out that Ark. Code Ann. § 11-9-501(a) (1987) provides that compensation to the injured employee shall not be allowed for the first seven days' disability. The Commission then explained its decision as follows:

> In this case the claimant was disabled for only four days, not seven days. Therefore, he is not entitled to additional temporary total disability benefits. Although claimant contends that the four days he was off work as a result of this injury should be added to his prior dates of disability in order to meet the requirements of the statute, we cannot agree with that interpretation of the statute. Adopting that construction of the statute would circumvent the purpose and intent of the seven day waiting period set forth in the Workers' Compensation Act. Although the result may be harsh, this is clearly the intent of the law. In fact, this statute provides that even individuals who have suffered a compensable injury may not be entitled to temporary total disability benefits. For instance, an individual who has a work-related injury requiring hospitalization but is able to return to his job within seven days receives no temporary total disability benefits. Clearly, if that individual is not entitled to temporary total disability benefits, a claimant should not be able to piecemeal assorted dates of disability together in order to obtain temporary total disability benefits in clear contravention of the law. Therefore, although the result may be harsh we reverse the decision of

the Administrative Law Judge finding that the claimant was entitled to temporary total disability benefits from January 13, 1986, through January 16, 1986.

The second incident occurred on May 14, 1986. Appellant testified that on this day he hurt his back when preparing to cut a piece of angle iron which weighed approximately two hundred pounds. It fell off the saw and, in order to keep it from hitting his foot, he caught it. He said he had not been having back trouble immediately prior to this incident, and Dr. Davidson's office notes of May 15, 1986, state that appellant "rehurt his back last night." Dr. Davidson's diagnosis was a "re-exacerbation of back pain with strain and sprain." A week of bed rest was prescribed and appellant was released to return to work on May 22.

Citing *Black* v. *Riverside Furniture Co.*, 6 Ark. App. 370, 642 S.W.2d 338 (1982), and 4 Larson, *Workmen's Compensation Law* § 95.23, the administrative law judge held that because there was an unusual strain or exertion which aggravated the preexisting condition, the disability was the result of an aggravation (new injury). The Commission agreed that this incident constituted an aggravation of appellant's previous injury and because Ark. Code Ann. § 11-9-501(a) (1987) provides that compensation shall not be allowed for the first seven days' disability, the Commission held there were no temporary total disability benefits due for this new injury which occurred on May 14, 1986.

The third incident occurred on June 23, 1986, while appellant was moving a file cabinet and its contents, which amounted to a total weight of approximately 200 pounds. As he was placing the cabinet on a dolly, the appellant felt a pain in his back. Dr. Davidson characterized this incident as a "re-exacerbation of chronic lumbar strain." Again appellant was treated conservatively and after a week of bed rest, he returned to work. The law judge held that this incident was a recurrence of the May 14 injury; therefore, he combined the days of incapacity resulting from the May 14 and June 23 incidents and ordered that appellee pay the appropriate amount of temporary total disability resulting from the two incidents. The Commission, however, held that the third incident was not a recurrence but an aggravation, and since appellant was not disabled for seven days as a result of the

June 23 incident, he was not entitled to temporary total disability benefits.

■ In *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983), this court considered the distinction between a recurrence and an aggravation in the context of which of two compensation carriers, if either, had liability. We concluded:

> [I]n all of our cases in which a second period of medical complications follows an acknowledged compensable injury we have applied the test set forth in *Williams* [*Aluminum Co. of America* v. *Williams*, 232 Ark. 216, 335 S.W.2d 315 (1960)]—that where the second complication is found to be a natural and probable result of the first injury, the employer remains liable. Only where it is found that the second episode has resulted from an independent intervening cause is that liability affected.

7 Ark. App. at 71.

■ Considering the three 1986 incidents in light of the test set out in *Aluminum Co. of America* v. *Williams, supra,* we must conclude that there is substantial evidence to support the Commission's holding that the first incident was a recurrence, since it was a natural and probable result of the first compensable injury, and that the second and third incidents each constituted a new injury (an aggravation) resulting from an independent intervening cause. However, we cannot agree with the Commission's conclusion that because appellant was not absent from work for *seven* days after the recurrence which resulted from the January 13, 1986, incident, he cannot recover temporary total disability for the *four* days he was disabled as a result of the incident. Arkansas Code Annotated Section 11-9-501(a) (1987) provides:

> Compensation to the injured employee shall not be allowed for the first seven (7) days' disability resulting from injury, excluding the day of injury. If a disability extends beyond that period, compensation shall commence with the ninth day of disability. If a disability extends for a period of two (2) weeks, compensation shall be allowed beginning the first day of disability, excluding the day of injury.

Although most states have waiting periods during which compen-

sation is not payable, our research has disclosed no case in which the court has considered the effect of the waiting period on a recurrence of disability after the initial waiting period has been satisfied. In several cases the courts have examined whether the term applied to calendar days or working days and in that context the court in *Phoenix Hosiery Co. v. Buzek*, 242 N.W. 135 (Wis. 1932), quoted from a report of a special committee on industrial insurance, submitted to the Governor and Legislature of Wisconsin on January 10, 1911, which stated:

> The object of this is to prevent malingering. A man receiving a slight injury that might disable him for three or four days, might pretend to be disabled for a week in order to receive the first week's indemnity. But it is assumed that he would not lay up for four weeks in order to get this first week's indemnity. This preserves to those who are seriously injured, the right to receive their compensation from date of the injury. As medical and surgical treatment are furnished in all cases it seems only fair that in minor cases not causing disability for a week, compensation should not be recovered.

242 N.W. at 136.

■ It has been held that when the language of a statute is clear, resort to statutory construction "crutches" is inappropriate. *Patrick v. State*, 265 Ark. 334, 576 S.W.2d 191 (1979). However, when statutory construction is necessary, the legislative intent behind the wording used must be determined. *Amason v. City of El Dorado*, 281 Ark. 50, 661 S.W.2d 364 (1983). In *City of North Little Rock v. Montgomery*, 261 Ark. 16, 546 S.W.2d 154 (1977), the Arkansas Supreme Court said:

> We have held that "[T]he meaning of a statute must be determined from the natural and obvious import of the language used by the legislature without resorting to subtle and forced construction for the purpose of limiting or extending the meaning. **** It is our duty to construe a legislative enactment just as it reads." *Black v. Cockrill*, Judge, 239 Ark. 367, 389 S.W.2d 881 (1965). We have also said "[I]n construing statutes in the absence of any indication of a different legislative intent, we give words their ordinary and usually accepted meaning in common

language." *Phillips Petroleum* v. *Heath*, 254 Ark. 847, 497 S.W.2d 30 (1973).

261 Ark. at 18. *See also, Second Injury Fund* v. *Yarbrough*, 19 Ark. App. 354, 721 S.W.2d 686 (1986).

■ Under Ark. Code Ann. § 11-9-501(a) (1987), no compensation for temporary total disability is provided for one who receives a minor injury which disables him for less than seven days. However, after the first seven days of disability, excluding the day of injury, disability compensation is allowed—beginning with the ninth day of disability; and if the disability extends for a period of two weeks, compensation shall be allowed beginning with the first day of disability, excluding the day of injury. Thus, our statute very clearly makes no mention of reinstating the waiting period after a recurrence of disability. Since a recurrence is not a new injury but simply another period of incapacitation resulting from a previous injury, we have concluded that under the language of our statute the waiting period applies only to the first seven days' disability from injury. When one receives a serious injury, for which he is disabled longer than the seven-day waiting period, and recovers adequately enough to return to work, but subsequently suffers a recurrence of his disability from the original compensable injury, imposing an additional waiting period would serve only to penalize the injured employee. This would be harsh and would be contrary to the requirement that the Workers' Compensation Act be liberally construed in favor of the claimant. *See* Ark. Code Ann. § 11-9-704(c)(3) (1987) (not to be confused with § 11-9-704(c)(4) which provides that *evidence* is to be weighed impartially without giving the benefit of the doubt to any party).

Therefore, we hold that the Commission erred in refusing to allow the appellant compensation for the four days—January 13, 1986, through January 16, 1986—that he was disabled as a result of the incident which occurred on the morning of January 13, 1986, and which resulted in a recurrence of his July 1982 injury.

We affirm the Commission's refusal to allow compensation for the days appellant was disabled as a result of the incident occurring on May 14, 1986, and the incident occurring on June 23, 1986. We agree that the Commission was correct in refusing disability for those days because we affirm the Commission's

findings that the incidents that occurred on those days were new injuries and not recurrences, and neither injury resulted in disability for more than seven days.

Affirmed in part; reversed in part; and remanded for proceedings in keeping with this opinion.

CORBIN, C.J., and JENNINGS, J., agree.