Rita Rose HODGES *v.* BAPTIST MEDICAL SYSTEMS,
Et Al.

CA 89-496                                          790 S.W.2d 922

Court of Appeals of Arkansas
Division II
Opinion delivered June 27, 1990

*Philip M. Wilson,* for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.,* for appellee.

GEORGE K. CRACRAFT, Judge. Rita Rose Hodges appeals from an order of the Arkansas Workers' Compensation Commission denying her temporary total disability benefits resulting from an injury sustained while in the employ of appellee Baptist Medical Systems. She contends that the Commission improperly applied the law to the facts in denying her those benefits. We agree and reverse the decision of the Commission.

On January 9, 1987, appellant sustained an accidental injury to her back while working at the appellee medical facility. She was off work for a period of six days. After she returned to work, she continued having problems with her back until September 14, 1987, when her doctor advised that she be taken off work due to her initial back injury. She did not return to work until October 5, 1987. The Commission awarded her medical expenses and temporary total disability benefits for the period that she was unable to work in September and October, but denied her any disability benefits for the six-day period following the injury in

January. No one contends that the second period of disability did not result from a mere recurrence of the injury suffered in January of 1987, or that it resulted from an aggravation or a new injury. The sole issue presented by this appeal is whether the Commission erred in holding that appellant was not entitled to temporary total disability benefits for the initial six-day period under Ark. Code Ann. § 11-9-501(a) (1987), which provides as follows:

> Compensation to the injured employee shall not be allowed for the first seven (7) days' disability resulting from injury, excluding the day of injury. If a disability extends beyond that period, compensation shall commence with the ninth day of disability. If a disability extends for a period of two weeks, compensation shall be allowed beginning the first day of disability, excluding the day of injury.

In *Pinkston* v. *General Tire & Rubber Co.*, 30 Ark. App. 46, 782 S.W.2d 375 (1990), this court had occasion to address the construction to be given this section. There, we noted that the purpose of the waiting period is to prevent malingering. According to 11 W. Schneider, *Workmen's Compensation Law* § 2320 (1957), the generally accepted purpose underlying the waiting period in workers' compensation legislation is "to prevent workmen, who are so inclined, from taking advantage of a slight or imaginary strain, as an excuse for obtaining a few days vacation on half or two-thirds pay."

In *Pinkston*, the worker likewise sustained two episodes of disability as the result of a single injury. The first period of disability was in excess of the two-week waiting period provided by our statute, but the second was not. In *Pinkston*, we rejected the contention that this section imposed on the worker a second waiting period for another episode of disability resulting from the same injury. We said:

> Under Ark. Code Ann. § 11-9-501(a) (1987), no compensation for temporary total disability is provided for one who receives a minor injury which disables him for less than seven days. However, after the first seven days of disability, excluding the day of injury, disability compensation is allowed—beginning with the ninth day of disabil-

ity; and if the disability extends for a period of two weeks, compensation shall be allowed beginning with the first day of disability, excluding the day of injury. Thus, our statute very clearly makes no mention of reinstating the waiting period after a recurrence of disability. Since a recurrence is not a new injury but simply another period of incapacitation resulting from a previous injury, we have concluded that under the language of our statute the waiting period applies only to the first seven days' disability from injury. When one receives a serious injury, for which he is disabled longer than the seven-day waiting period, and recovers adequately enough to return to work, but subsequently suffers a recurrence of his disability from the original compensable injury, imposing an additional waiting period would serve only to penalize the injured employee. This would be harsh and would be contrary to the requirement that the Workers' Compensation Act be liberally construed in favor of the claimant.

30 Ark. App. at 52, 782 S.W.2d 378-79.

■ We find no reason why a different result should be reached where, as here, the statutory two-week waiting period is satisfied by a second episode of wage-loss disability rather than by the first. All of appellant's disability was the natural and probable consequence of a single injury. Our statute provides that compensation not be allowed for the first seven days of disability resulting from an injury; however, if a disability extends for a period of two weeks, compensation should be allowed beginning the first day of disability, excluding the day of injury. On the facts of this case, we conclude that when the recurrence resulted in disability that extended beyond the required two-week period, appellant met her waiting period requirement and was entitled to compensation for all wage-loss disability suffered, "beginning the first day of disability, excluding the day of injury." To adopt the interpretation applied by the Commission would not be in furtherance of the purposes for which that section was enacted, and would be contrary to our rule that this remedial legislation be construed liberally in favor of the claimant. *See Northwest Tire Service* v. *Evans,* 295 Ark. 246, 748 S.W.2d 134 (1988); *Pinkston* v. *General Tire & Rubber Co., supra.*

This cause is reversed and remanded to the Commission for further proceedings not inconsistent with this opinion.

COOPER and MAYFIELD, JJ., agree.