ATKINS NURSING HOME *v.* Carol GRAY

CA 95-920                                     923 S.W.2d 897

Court of Appeals of Arkansas
Division III
Opinion delivered June 19, 1996

*Walter A. Murray*, for appellant.

*Susan Walker Allen*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's order affirming and adopting the administrative law judge's decision. The ALJ found that on August 20, 1993, appellant sustained a recurrence of her low-back condition, that appellee was responsible for medical expenses and that appellant was entitled to temporary total disability benefits from August 23, 1993, to a date 'yet to be determined. Also, the Commission determined that Act 796 of 1993 was inapplicable to recurrences of injuries which originally occurred prior to the effective date of Act 796. On appeal, appellant argues that there is no substantial evidence to support the Commission's decision and that the Commission erred in finding that Act 796 was inapplicable. We disagree and affirm.

The record reveals that appellee, age thirty-four, was a certified nurse's aide for appellant. While trying to change linens under a patient, Patsy Price, she sustained an injury to her lower back on July 16, 1992. She experienced a burning sensation in her lower back and reported the incident to LPN, Renee Glenn. She rested over the weekend, missed a day of work and received medical treatment. On Friday, August 20, 1993, while lifting a patient into a shower chair, appellee felt a hot burning sensation in the same area as she had in July of 1992. She completed her shift and rested over the weekend. She returned to work Monday, August 23, and reported the incident to Kay Parker, who assured her that her claim was covered. Later, after appellee had received medical attention, she was informed that the time limit from the first injury had expired and that her claim would not be covered. Subsequently, appellee filed a claim for benefits.

On appeal, appellant argues that there is no substantial evidence to support the Commission's decision that appellee suffered a recurrence of her 1992 injury. We disagree.

■ When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. The issue is not whether we might have reached a different result or whether the evidence would have

supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Harvest Foods* v. *Washam*, 52 Ark. App. 72, 914 S.W.2d 776 (1996).

█ When the primary injury is shown to have arisen out of and in the course of the employment, the employer is responsible for every natural consequence that flows from that injury. If, after the period of initial disability has subsided, the injury flares up without an intervening cause and creates a second disability, it is a mere recurrence, and the employer remains liable. *McDonald Equip. Co.* v. *Turner*, 26 Ark. App. 264, 766 S.W.2d 936 (1989). A recurrence is not a new injury but simply another period of incapacitation resulting from a previous injury. *See Pinkston* v. *General Tire & Rubber Co.*, 30 Ark. App. 46, 782 S.W.2d 375 (1990).

The record reveals that appellee sustained a compensable injury in July of 1992. This injury was a muscle strain with spasm. Appellee testified that she continued to experience soreness with exertion. She said that she would work four days, but would have to lie down and rest the next day. Appellee testified that in March and April of 1993, she became more symptomatic and that she mentioned this to a co-worker, Darlene Epperson. Appellee said that on Friday, August 20, while lifting a patient into a shower chair, she felt a hot burning sensation in the same area as her previous injury.

Appellee was seen by Dr. Dale Barton. Dr. Barton diagnosed back pain with observable muscle spasms and degenerative disc disease at L5-S1. An MRI revealed an abnormality at L4-5. Dr. Barton referred appellee to Dr. Scott M. Schlesinger. Dr. Schlesinger reviewed the MRI and suggested that appellee may have a disc protrusion at L4-5. He recommended a myelogram CT scan, but his evaluation was not completed because the claim was denied, and appellee could not afford the costs.

Ms. Parker testified that appellee came in in 1993 and showed her where she had hurt her back. Ms. Parker said that appellee said it was in the same place as the previous injury.

█ The ALJ clearly gave great weight to the testimony of appellee in finding that appellee injured her back in 1992, returned to heavy manual labor, remained symptomatic and suffered a recurrence in 1993. The ALJ further found that the 1993 injury was reported and that appellant considered this a recurrence by advising appellee that she did not have to complete another accident form,

by sending her to the company doctor, and by providing light duty. The ALJ concluded that appellee had proven by a preponderance of the credible evidence that appellee had sustained a recurrence of her low back condition on August 20, 1993. Based on the record before us, we cannot say that there is no substantial evidence to support the Commission's finding that appellee sustained a recurrence of her 1992 injury.

For its second point, appellant argues that the Commission erred in finding that Act 796 of 1993 was inapplicable to the facts of this case. We disagree.

■ As discussed above, a recurrence is not a new injury but merely another period of incapacitation resulting from a previous injury. Under the general provisions of the 1993 workers' compensation statute chapter nine, subchapter one, it is provided that "the provisions of this act shall apply only to injuries which occur after July 1, 1993." The record clearly reflects that appellee's injury was in 1992 before the enactment of Act 796. Consequently, Act 796 does not apply to this case because appellee did not sustain an injury after July 1, 1993, but merely another period of incapacitation. Therefore, the Commission did not err in determining that the new act did not apply.

Appellant also challenges the Commission's finding that appellee was entitled to medical benefits and temporary total disability benefits.

■ The Commission directed appellant to pay all reasonable medical expenses associated with appellee's lumbar injury. Appellant argues, under Act 796, that to be entitled to medical benefits appellee would have to show that her compensable injury was the major cause of her disability or need for treatment. Based on our earlier finding that Act 796 does not apply to this case, appellant's argument is without merit.

■ The Commission also found that appellee was entitled to temporary total disability benefits from August 23, 1993, to a date yet to be determined because she was unable to work and thus remained in her healing period. After reviewing the record, we

cannot say that there is no substantial evidence to support the Commission's decision.

Affirmed.

ROBBINS and NEAL, JJ., agree.