## Helen SULLIVAN *v.* PARIS RETIREMENT INN

CA 97-703                                          961 S.W.2d 785

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered February 11, 1998

*Walters, Hamby & Verkamp*, by: *Michael Hamby*, for appellant.

*Ledbetter, Hornberger, Cogbill, Arnold & Harrison*, by: *James A. Arnold, II* and *Rebecca D. Hattabaugh*, for appellee.

OLLY NEAL, Judge. Helen Sullivan appeals from the portion of the order of the Workers' Compensation Commission that denied the compensability of her claim for permanent partial disability benefits. For reversal of the Commission's order, appellant

argues that the Commission's decision that she failed to prove, by a preponderance of the evidence, entitlement to permanent partial disability benefits is not supported by substantial evidence. We affirm.

Appellant was employed by appellee as a nurse's assistant whose job duties included lifting patients out of bed to dress and bathe them. On October 10, 1994, appellant suffered an injury to her right shoulder, for which appellee accepted compensability and paid benefits. Appellant suffered a second injury to her right shoulder and neck on June 12, 1995. Following her compensable injury, appellant underwent a cervical fusion that was performed by Dr. Luis Cesar. Subsequent to that time, appellant developed a number of complaints involving pain in her left heel, left arm, left shoulder and right forearm. Appellant then filed a claim for workers' compensation disability benefits and contended that she sustained injuries to those parts of her body as a result of repetitive trauma while employed by appellee. The administrative law judge awarded appellant benefits for her admittedly compensable injuries through June 9, 1996. The ALJ also found that appellant had failed to prove by a preponderance of the evidence that she is entitled to any permanent partial disability benefits as the result of her compensable injuries. In addition, the ALJ found that appellant failed to prove that she suffered a compensable injury to her left heel, left arm, left shoulder, or right forearm while employed by appellee. The appellant then appealed to the Commission, which affirmed and adopted the ALJ's decision as its own.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonably inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Atkins Nursing Home v. Gray*, 54 Ark. App. 125, 923 S.W.2d 897 (1996). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Smith v. Gerber Products*, 54 Ark. App. 57, 922 S.W.2d 365 (1996).

Arkansas Code Annotated § 11-9-102(5)(f)(ii) (Repl. 1996) provides:

    (a)   Permanent benefits shall be awarded only upon a determination that the compensable injury was the major cause of the disability or impairment.

    (b)   If any compensable injury combines with a pre-existing disease or condition or the natural process of aging to cause or prolong disability or a need for treatment, permanent benefits shall be payable for the resultant condition only if the compensable injury is the major cause of the permanent disability or need for treatment.

Arkansas Code Annotated § 11-9-102(14)(A) (Repl. 1996) defines "major cause" as "more than fifty percent (50%) of the cause."

At trial, the deposed testimony of Dr. Cesar was admitted into evidence. According to Dr. Cesar, he performed a cervical fusion on appellant at the C5-6 level to correct a disc herniation. While conducting the surgery, Dr. Cesar also removed bone spurs that he opined were the result of cervical spondylosis. Dr. Cesar noted that when performing surgery to address an injury to the neck there generally is a combination of the bone spur and disc herniation. Dr. Cesar assigned appellant a permanent impairment rating of 7% to the body as a whole based upon *AMA Guidelines*. When questioned, Dr. Cesar could not state whether the 7% rating was due mostly to cervical spondylosis or mostly to the disc herniation, because the impairment rating refers to the type of procedure a patient has had and the result.

According to appellant, Dr. Cesar's testimony should be construed to mean that the ratings do not provide sufficient information or guidance to allow him to award a rating based upon causation, but merely refer to the fact that it was a single level operation to the neck and the results of the surgery. When asked what cervical spondylosis is, Dr. Cesar responded:

> Cervical spondylosis is a general term that refers to changes that you see in the spine due to chronic progressive wear and tear alterations that you see as people grow old, and are generally characterized by the drying up of discs, narrowing of the vertebral space, spurs, and many times disc herniations.

Dr. Cesar also stated that the single event in this case would not have caused spondylosis, although it may have cause the disc herniation. Dr. Cesar was unable to state that the compensable

injury was the major cause of appellant's permanent disability. Dr. Cesar also opined that appellant's neck and shoulder injury were not causally related to her other complaints.

As stated earlier, on appeal we view the evidence in the light most favorable to the Commission's findings. Here, appellant has failed to produce evidence that the compensable injury is the major cause of her disability.

█ We hold that there is substantial evidence to support the Commission's decision.

Affirmed.

ROBBINS, C.J., and BIRD, ROGERS, and GRIFFEN, JJ., agree.

STROUD, J., dissents.

JOHN F. STROUD, JR., Judge, dissenting. I cannot agree with the majority's decision to affirm the Commission's denial of the compensability of appellant's claim for permanent partial disability benefits because the Commission ignored key testimony of Dr. Luis Cesar, the neurosurgeon who performed the anterior cervical fusion on appellant.

In support of its conclusion that appellant had failed to prove that she was entitled to permanent partial benefits as a result of her work-related injuries, the Commission stated in its decision that Dr. Cesar was unable to state whether the disc herniation or the spondylosis was the major cause for the surgery and resulting impairment rating. Yet, appellant's abstract shows that Dr. Cesar's deposition testimony includes the following:

> DIRECT EXAMINATION — The disc herniation could be produced or caused by a single traumatic event or the gradual wear and tear process that would be associated with aging and normal activities of daily living. Really, what guides us in determining that is basically on the history. If the patient has a clear cut history of having had an event that precipitated a symptom that he did not have before, I have to assume that was the cause of it. By the same token, if there was a history of similar symptoms or symptoms in the same area of the body prior to the incident, I would have to assume that there were other processes going on and this new event may have aggravated it.

. . .

CROSS-EXAMINATION — I don't have any prior history that refers to neck problems in this patient. It is possible that a patient may have spondylosis and be asymptomatic until an event triggers the symptoms and the need for a fusion. It can occur that way. *In that situation, it would be my opinion that the major cause or need for the fusion would be the event that precipitated the symptom.*

(Emphasis added.)

The Commission's decision does not refer to this expressed opinion by Dr. Cesar, which supports appellant's position. Although a physician's opinion is not conclusive or binding on the Commission, the Commission is not free to arbitrarily disregard any witness's testimony. *Wade v. Mr. C. Cavenaugh's,* 25 Ark. App. 237, 242, 756 S.W.2d 923, 925 (1988).

Here, appellant had no prior history of problems with her neck. Dr. Cesar's medical opinion was that in such a situation the major cause for the fusion would be the event precipitating the symptom. His testimony supports appellant's position that she was asymptomatic and did not have any need whatsoever for a cervical fusion until her admittedly compensable work-related injury to her neck. In the Commission's decision, there is no explanation as to why the Commission chose to ignore Dr. Cesar's testimony in this regard.

I would reverse and remand this case to the Commission for a finding that appellant met her burden of proof and is entitled to an award of permanent partial disability benefits as a result of her compensable injury.

I respectfully dissent.