AMLEASE, INC. *v.* Ronald KULIGOWSKI

CA 97-495 957 S.W.2d 715

Court of Appeals of Arkansas
Division IV
Opinion delivered December 17, 1997
[Petition for rehearing denied January 14, 1998.]

*Barber, McCaskill, Jones & Hale, P.A.*, by: *Christopher Gomlicker*, for appellants.

*Bartels Law Firm*, by: *Anthony W. Bartels*, for appellee.

SAM BIRD, Judge. Amlease, Inc., appeals a decision of the Workers' Compensation Commission awarding the appellee, Ronald Kuligowski, benefits for treatment of his post-traumatic stress disorder.

On August 3, 1995, the claimant, a truck driver, was involved in an accident in which the brakes on the truck he was driving locked, he skidded into oncoming traffic, and was hit broadside in the passenger-side door by a van. The driver of the van was killed, and a teenager in the van was seriously injured. Appellant had several physical injuries, and he also experienced depression, diagnosed as post-traumatic stress disorder. The appellant controverted liability for the treatment related to post-traumatic stress disorder.

Dr. Galen Hutcheson testified that appellee sustained cervical strain and post-traumatic stress disorder related to "an affiliation of all the things that happened during the accident," and that "the death of the individual just made it more significant." He treated appellee physically and with medication for his depression, and he referred appellee to Dr. James A. Chaney, a psychologist, for counseling. Dr. Hutcheson said appellee was physically released to resume light duties on September 13, 1995. Dr. Chaney released appellee from his care on November 2, 1995.

Appellee has had a tragic family history: a brother was killed while riding an all-terrain vehicle; a house burned while appellee was moving in; appellee's grandfather ran over and killed his mother's two-year-old son; appellee's trailer burned; a truck fell on appellee's grandfather and killed him when appellee was eleven; appellee's aunt died in a head-on collision; appellee's uncle

was a prisoner of war in Vietnam; and another brother was hit and dragged by a car.

Dr. Chaney testified that the previous events probably contributed to appellee's post-traumatic stress disorder after his August 3, 1995, accident. Dr. Chaney said, "I think it made him more likely to have that." He said it was his opinion that appellee's post-traumatic stress disorder was caused by the sudden, unexpected, and unusual death of the other person in the traffic accident. He also said that while he was treating appellee, appellee was totally disabled from returning to work.

On this evidence the administrative law judge held that the appellee was entitled to payment for all medical expenses, including the treatment by Dr. Chaney, and temporary total disability benefits commencing with his last day of work through November 2, 1995. The Commission affirmed and adopted the decision of the law judge.

Appellant argues that the Commission's finding that appellee proved by a preponderance of the evidence that his post-traumatic stress disorder was causally related to his compensable injury of August 3, 1995, is not supported by substantial evidence and should be reversed. We agree, and therefore reverse.

 Arkansas Code Annotated section 11-9-113 (Repl. 1996), provides in pertinent part:

> (a)(1) A mental injury or illness is not a compensable injury unless it is *caused by* physical injury to the employee's body, and shall not be considered an injury arising out of and in the course of employment or compensable unless it is demonstrated by a preponderance of the evidence[.]

This language was the result of a complete legislative revision of our workers' compensation law in Act 796 of 1993. This language has not yet been reviewed by this court. Therefore, we must determine the meaning of the phrase "caused by" as it relates to compensable psychological injury. Although we are construing an act of the General Assembly, our jurisdiction is proper under Rule 1-2(a) of the Rules of the Supreme Court and Court of Appeals. In considering the meaning of a statute, we construe it

just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Vanderpool v. Fidelity & Cas. Ins. Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997); *Bill Fitts Auto Sales, Inc. v. Daniels*, 325 Ark. 51, 55, 922 S.W.2d 718, 720 (1996). The basic rule of statutory construction to which all other interpretive guides defer is to give effect to the intent of the legislature. *Vanderpool, supra*; *Bill Fitts Auto Sales, supra*.

■ Where the language of the statute is plain and unambiguous, the legislative intent is determined from the ordinary meaning of the language used. *American Casualty Co. v. Mason*, 312 Ark. 166, 848 S.W.2d 392 (1993). We also note that Ark. Code Ann. § 11-9-704 (Repl. 1996) requires administrative law judges, the Commission, and any reviewing courts to construe the provisions of the Act strictly.

■ *Webster's College Dictionary* 216 (1996) defines "cause" as "bring about," or "reason." *Black's Law Dictionary* 220 (6th ed. 1990) has several definitions, among them are: "To be the cause or occasion of; to effect as an agent; to bring about; to bring into existence; something that precedes and brings about an effect or a result; a reason for an action or condition."

■ In *The Travelers Ins. Co. v. Smith*, 329 Ark. 336, 947 S.W.2d 382 (1997), the Arkansas Supreme Court stated:

> Ark. Code Ann. § 11-9-113(a)(1) (Repl. 1996), provides that a mental injury or illness is not a compensable injury unless it is caused by physical injury to the employee's body. Clearly, these statutes set out a requirement that a physical injury precede and cause the mental injury in order for the mental injury to be compensable under the Workers' Compensation Act. See generally John D. Copeland, *The New Arkansas Workers' Compensation Act: Did the Pendulum Swing Too Far?*, 47 ARK. L. REV. 1, 16-19 (1994).

Although this statement was dictum, we find it enlightening, and we agree that this is what the plain language of the statute mandates.

Appellant contends that appellee failed to prove by a preponderance of the evidence that his post-traumatic stress disorder was caused by the physical injuries he sustained in the compensable

vehicle accident. In fact, the evidence is clear that appellee's psychological distress was not caused by his physical injuries.

Appellant cites *Dugan v. Jerry Sweetser, Inc.*, 54 Ark. App. 401, 928 S.W.2d 341 (1996), but that case did not require us to determine the precise issue presented here. The issue on appeal in *Dugan* was whether or not the appellant had sustained the requisite "physical injury" so that his psychological injury was compensable. We did say in that opinion that Act 796 clearly provides that proof of a physical injury is now required before a psychological injury can be compensable in Arkansas.

In the instant case, the testimony of Dr. Chaney and appellee's own testimony indicate that appellee's mental anguish was not the result of his physical injuries, but rather, was the result of the death of the man driving the van. When Dr. Chaney was asked if the "death of the deceased in the other vehicle" caused the appellee to suffer the post-traumatic stress disorder, he replied, "I believe so." Dr. Chaney also said, "I believe the trauma was that the person died." Appellee admitted that "part of" him felt responsible for the man's death. He said, "Another man was killed, and a teenager, . . . was hurt and may have messed up a soccer career, and I don't feel good about that, just because I was involved in it." He was asked, "Is it the death of the occupant of the vehicle and the teenager's injuries that, in your opinion, caused you to be depressed to the degree that you were?" Appellee answered, "I guess."

■ Interpreting the statute as we have, that the mental distress must be the result of the claimant's own physical injuries, we must reverse the decision of the Commission.

Reversed.

JENNINGS, J. agrees.

CRABTREE, J., concurs.

TERRY CRABTREE, Judge, concurring. I concur in the result reached in this case but write separately to note that Arkansas Code Annotated § 11-9-113 (Repl. 1996) makes a distinction between victims of criminal offenses and victims in cases such as

this where appellant apparently suffered emotional problems after being involved in a traffic accident that resulted in the death of another driver. The purpose of the most recent Workers' Compensation Act has been recited many times, and I need not recite it again. However, I cannot see the distinction between this case and another case where the employee has suffered post-traumatic-stress disorder as a result of being the victim of a criminal offense. It is difficult to identify a rational basis for the distinction between the two groups if both suffer a verifiable injury with resulting trauma, but because the distinction does exist and was not challenged below, I concur with the majority opinion.