Tyrone H. TERRELL *v.* ARKANSAS TRUCKING
SERVICE, INC.

CA 97-649                                          959 S.W.2d 70

Court of Appeals of Arkansas
Division I
Opinion delivered January 7, 1998
[Petition for rehearing denied February 4, 1998.]

*Dowd, Harrelson, Moore & Giles,* by: *Greg R. Giles,* for appellant.

*Roberts Law Firm, P.A.,* by: *Bud Roberts,* for appellee.

SAM BIRD, Judge. Tyrone H. Terrell appeals a decision of the Workers' Compensation Commission that denied him a psychological evaluation and temporary total disability benefits during any necessary treatment. He argues that the decision is not supported by substantial evidence. We agree that appellant should have been granted a psychological evaluation and reverse and remand to the Commission for that purpose.

Appellant, a truck driver, was injured in a compensable vehicle accident on August 10, 1995, and sustained injuries to his neck, right shoulder, right leg, and lower back. It was stipulated that the injuries were compensable and that medical benefits and temporary total disability benefits had been paid through January 28, 1996. Appellant sought additional medical treatment in the form of a psychiatric evaluation and treatment for depression.

Appellant testified that he was nearing a bridge in Meridian, Mississippi, on a two-lane road when another truck pulling a large, oversized fabricated home tried to pass him and collided with his truck. Appellant's truck was forced into a wall on the bridge, the other truck jackknifed in front of him, and the trucks became tangled and went down an embankment. Appellant was treated for cervical, thoracic, and lumbar strain with physical therapy and work hardening and was certified as having reached maximum physical improvement on January 19, 1996.

After the accident, appellant began having recurring dreams in which a truck he was driving would go off of a bridge, explode, or catch on fire with him inside, apparently unable to get out. He said he also began to have frequent headaches and debilitating pain and was afraid to drive a truck again. Following a recommendation by Joyce Kay Hamilton, M.L.A., a psychotherapist who interviewed appellant in connection with the work-hardening program, appellant's treating physician referred him to Dr. Louis

E. Deere, D.O., a psychiatrist. However, appellant said Dr. Deere visited with him for only about fifteen minutes and scheduled him for a return appointment for evaluation. Appellee refused to authorize payment, and appellant did not go back. Appellant testified that he felt like he needed continued medical treatment because he suffers from sleep deprivation, chronic pain, and nightmares about the accident.

The administrative law judge held that appellant had failed to prove by a preponderance of the credible evidence that a psychological evaluation or treatment was reasonable or medically necessary to treat the injuries he sustained in the August 1995 accident. The Commission affirmed and adopted the opinion of the law judge.

When we review a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark v. Peabody Testing Serv.*, 265 Ark. 489, 579 S.W.2d 360 (1979); *Crossett Sch. Dist. v. Gourley*, 50 Ark. App. 1, 899 S.W.2d 482 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Carroll Gen. Hosp. v. Green*, 54 Ark. App. 102, 923 S.W.2d 878 (1996); *Wright v. ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached by the Commission. *Milligan v. West Tree Serv.*, 57 Ark. App. 14, 941 S.W.2d 434 (1997); *Willmon v. Allen Canning Co.*, 38 Ark. App. 105, 828 S.W.2d 868 (1992).

On appeal, appellant argues that the Commission's decision that he had failed to prove that a psychological evaluation or treatment was reasonable and necessary for treatment of his compensable injury is not supported by substantial evidence. He contends that he is totally disabled by his mental distress and that his primary physician recommends that he not return to work until he has had a psychological evaluation and any necessary treatment. Arkansas Code Annotated section 11-9-113(a)(2) (Repl. 1996) requires that

a mental injury or illness be diagnosed by a licensed psychiatrist or psychologist and meet the criteria established by the Diagnostic and Statistical Manual of Mental Disorders to be compensable. Appellant contends he cannot meet those requirements if a psychiatric evaluation is not authorized. We agree.

Arkansas Code Annotated section 11-9-113 (Repl. 1996) provides in pertinent part:

> (a)(1) A mental injury or illness is not a compensable injury unless it is caused by physical injury to the employee's body, and shall not be considered an injury arising out of and in the course of employment or compensable unless it is demonstrated by a preponderance of the evidence; provided, however, that this physical injury limitation shall not apply to any victim of a crime of violence.
>
> (2) No mental injury or illness under this section shall be compensable unless it is also diagnosed by a licensed psychiatrist or psychologist and unless the diagnosis of the condition meets the criteria established in the most current issue of the Diagnostic and Statistical Manual of Mental Disorders.

There is no question that appellant sustained physical injuries in the compensable accident. Whether the physical injuries have caused appellant's mental distress must be answered by a psychological evaluation by a licensed psychiatrist or psychologist. The results of the evaluation should make it clear whether appellant's distress is the result of his physical injuries or the accident itself. For appellant's mental injury to be compensable it must have a causal connection to his physical injuries. As the statute is written, mental injury or illness under this section is not compensable unless it is caused by the physical injuries.

We recently expressed this holding in *Amlease, Inc. v. Kuligowski*, 59 Ark. App. 261, 957 S.W.2d 715 (1997). In that case, appellee Ronald Kuligowski had been involved in an accident when his truck skidded into oncoming traffic and was hit broadside by a van. The driver of the van was killed, and a passenger was seriously injured. Kuligowski was injured physically and was suffering from post-traumatic stress disorder. There was no dispute that Kuligowski's mental anguish was not the result of his physical injuries, but rather, was the result of the death of the man

driving the van. There was conclusive medical evidence in the record supporting that conclusion, and Kuligowski admitted it during his testimony. We were constrained to reverse the decision of the Commission, which had awarded appellee benefits for his post-traumatic stress disorder.

In the case at bar, the claimant has been only superficially evaluated by a psychotherapist, who interviewed appellant in connection with a work-hardening program, and by a psychiatrist who talked to him briefly. We emphasize that our decision affords appellant only a psychological evaluation by a licensed psychiatrist or psychologist to determine if his mental problems are the result of the injuries he sustained in the accident.

██ We reverse and remand for the Commission to order appellee to provide appellant with a psychological evaluation by a licensed psychiatrist or psychologist, and based upon those results, determine if the psychological injury is compensable.

Reversed and remanded.

ROGERS and CRABTREE, JJ., agree.