TYSON FOODS, INC. *v.* Teddy GRIFFIN

CA 97-1184 966 S.W.2d 914

Court of Appeals of Arkansas
Division I
Opinion delivered April 8, 1998

*Bassett Law Firm*, by: *Earl Buddy Chadick*, for appellant.

*Walters, Hamby & Verkamp*, by; *Michael Hamby*, for appellee.

JOHN F. STROUD, JR., Judge. Tyson Foods, Inc., appeals a decision of the Arkansas Workers' Compensation Commission that found that Teddy Griffin sustained a compensable injury to his hands as a result of his employment. Tyson challenges the sufficiency of the Commission's findings regarding osteoarthritis and carpal tunnel syndrome. It contends that Mr. Griffin did not 1) present objective medical findings to support the Commission's finding that his osteoarthritis was aggravated by his employment, and 2) establish that his carpal tunnel syndrome is a compensable claim. We affirm.

In reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences

deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Terrell v. Arkansas Trucking Service, Inc.*, 60 Ark. App. 93, 959 S.W.2d 70 (1998). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached by the Commission. *Id.*

At the hearing before the administrative law judge, testimony of appellee and two co-workers described appellee's employment and difficulties with his hands. He worked as a "deboner" for eight months, washed tubs for two years, worked in de-icing for three years, went back to washing tubs, and was later assigned to the main plant in the "Steak and Ale" area. There he removed bags of meat from a conveyor line, cut the meat with scissors and wrapped it — repeating the motion several thousand times a night. His fingers were sore after the first couple of nights; then his condition worsened to include pain and numbness in both hands, and difficulty in holding things. He followed the company nurse's advice to dip his hands in wax and to wear a splint, but he was sent to the company doctor, M. S. Harford, after nothing helped.

Dr. Harford, a family practitioner, diagnosed appellee with osteoarthritis and released him to return to work. Appellee sought more specialized treatment from Dr. James S. Deneke, a rheumatologist, who diagnosed osteoarthritis, tendinitis, and carpal tunnel syndrome. At the time of the hearing, appellee was working on the chicken line, where he picked up boxes of chicken and laid them on a conveyer belt, handling up to 3,400 boxes in three hours. The pace on the line required workers "to be pretty quick" with their hands, and appellee had problems keeping up.

The Commission affirmed and adopted the opinion of the administrative law judge, including all findings of fact and conclusions of law. The Commission's decision included the following:

> The claimant has proven by a preponderance of the credible evidence that he has sustained two compensable injuries to his hands, within the meaning of A.C.A. §11-9-102(5)(A)(ii)(a)

> while in the employ of this respondent. These compensable injuries are in the form of bilateral carpal tunnel syndrome and an aggravation of his degenerative arthritis, involving his hands. Specifically, the claimant has proven that these conditions constitute injuries arising out of and in the course of his employment with this respondent, that these conditions have resulted in internal physical harm to the affected portions of his anatomy, that these injuries were caused by rapid repetitive motion required by his employment, that these injuries are established by medical evidence, supported by objective findings, and that these injuries are the major cause of his need for medical treatment on and after December 5, 1995. The claimant has failed to "establish" by medical evidence, *supported by objective findings*, the presence of the diagnosed condition of tendinitis. Thus, he has failed to prove that this condition constitutes a compensable injury within the meaning of the Act.

The Commission found appellee to be a very credible witness, found that the opinions of Dr. Deneke were entitled to more weight than the opinions of Dr. Harford, and found that the greater weight of the credible medical evidence established that appellant's difficulties with his hands and wrists were the result of three separate, but perhaps interacting conditions: degenerative arthritis, tendinitis, and carpal tunnel syndrome. It also found that appellant's employment activities in the form of rapid repetitive movement had aggravated his degenerative osteoarthritis in the area of his hands and wrists, and that his conditions of bilateral carpal tunnel syndrome and aggravation of his pre-existing degenerative arthritis constituted the major cause of his need for ongoing medical treatment.

### Osteoarthritis

Tyson contends that appellee failed to present objective medical findings to support the Commission's finding that his osteoarthritis was aggravated by the employment, arguing that the opinion of Dr. Deneke was not stated with a reasonable degree of medical certainty and is entitled to little weight.

In a letter to appellee's counsel on March 25, 1996, Dr. Deneke wrote, "It would certainly be my feeling that required use of the hands, i.e. wrapping as well as using scissors, is likely to

aggravate osteoarthritis of the hands . . . ." He also stated that, although he did not expect the arthritis to go away, appellee should avoid repetitive use of his hands. Appellant contends that these two statements cannot be reconciled and that Dr. Deneke's "feeling" does not rise to the requirement of Arkansas Code Annotated § 11-9-102(16)(B) that medical opinions addressing compensability "be stated within a reasonable degree of medical certainty." We do not agree.

■ ■ We addressed a similar argument regarding section 11-9-102(16)(B) in *Service Chevrolet v. Atwood*, 61 Ark. App. 190, 966 S.W.2d 909 (1998), also handed down today. Giving the words their ordinary and usually accepted meaning in common language, we construed the statute just as it reads and stated, "The statute does not require the use of the phrase 'reasonable degree of medical certainty.' Rather, it requires that the opinion be stated *within* a reasonable degree of medical certainty." *Id.* at 196. We noted that an expert opinion is to be judged in view of the entirety of the expert's opinion and is not validated or invalidated solely on the basis of the presence or lack of "magic words." *Id.* at 197, *citing Paulsen v. State*, 249 Neb. 112, 541 N.W.2d 636 (1996).[1]

In addition to the opinion stated by Dr. Deneke in the letter of March 25, 1996, the Commission had before it Dr. Deneke's report of appellant's office visit on March 29, 1996. Reporting appellant's complaints of numbness and continued "significant pain in his hands with his job," Dr. Deneke continued:

> [A]t least the numbness in his hands is related to the carpal tunnel syndrome. Whether any pain is related remains to be seen. Certainly, the stiffness and discomfort is at least partially related to the osteoarthritis and tendinitis of his hands and it would seem that his job requiring repetitive lifting of boxes, etc. has led to a large portion of this.
>
> . . .

---

[1] See *Service Chevrolet v. Atwood*, 61 Ark. App. 190, 966 S.W.2d 909 (1998), for a discussion of Act 796 of 1993, which dramatically changed workers' compensation law in Arkansas and gave rise to Ark. Code Ann. § 11-9-102(16)(B) (Repl. 1996).

Certainly, it is likely that continuing his present job is going to continue the aggravation in his hands and I have explained this to Mr. Griffin. I think primarily we are seeing an overuse type syndrome.

Appellant points to the contrasting opinion of Dr. Harford that appellee's osteoarthritis was simply a "disease process that occurs in many people as they age."

The Commission wrote in its decision, "Dr. James S. Deneke clearly states that it is his opinion that the claimant's employment activities for the respondent, which required strenuous and rapid use of his hands, was 'likely to aggravate osteoarthritis of the hands . . . .'" Noting that Dr. Deneke had far more expertise in the area of appellee's medical difficulties than did Dr. Harford, the Commission found that his opinion was entitled to greater weight and credit. It further found that Dr. Deneke expressed his opinion in accord with accepted medical theories, and with sufficient conviction and absoluteness to be within a reasonable degree of medical certainty; and found it immaterial that he did not use the term "reasonable degree of medical certainty."

■ ■ Determinations of the weight and credibility of the evidence are exclusively within the province of the Commission. *George W. Jackson Mental Health Ctr. v. Lambie*, 49 Ark. App. 139, 898 S.W.2d 479 (1995). Furthermore, it is the function of the Commission to draw inferences when testimony is open to more than one interpretation, and when it does, its findings have the force and effect of a jury verdict. *Pilgrim's Pride Corp. v. Caldarera*, 54 Ark. App. 92, 923 S.W.2d 290 (1996). The Commission in the present case considered the opinions of two doctors regarding the causal connection between appellee's employment activities and his multiple conditions, and it assigned greater weight and credibility to Dr. Deneke. We find that Dr. Deneke's March 1996 letter and office notes constitute sufficient evidence to support the Commission's finding that appellee's employment aggravated his osteoarthritis.

## Carpal Tunnel Syndrome

■ Carpal tunnel syndrome injuries are addressed by our workers' compensation statute as follows:

> (5)(A)  "Compensable injury" means:
>
> . . . .
>
> (ii)  An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it is not caused by a specific incident or is not identifiable by time and place of occurrence, if the injury is:
>> (a)  Caused by rapid repetitive motion. Carpal tunnel syndrome is specifically categorized as a compensable injury falling within this definition . . . .

Ark. Code Ann. § 11-9-102(5)(A)(ii)(a) (Supp. 1997). The burden of proof for injuries falling within the definition of compensable injury under subdivision (5)(A)(ii) shall be by a preponderance of the evidence, and the resultant condition is compensable only if the alleged compensable injury is the major cause of the disability or need for treatment. Ark. Code Ann. § 11-9-102(5)(E)(ii) (Supp. 1997). Thus, in the present case, appellee had the burden of proving by a preponderance of the evidence that his carpal tunnel syndrome injury was the major cause of the disability or need for treatment.

Appellant argues that the major cause of appellee's need for treatment was osteoarthritis and contends that appellee failed to establish the compensability of his carpal tunnel syndrome. Appellant challenges the following finding of the Commission:

> Finally, the . . . evidence is sufficient to establish by a preponderance of the evidence that the claimant's conditions in the form of bilateral carpal tunnel syndrome and an aggravation of his pre-existing degenerative arthritis of his hands was the major cause of the claimant's need for ongoing medical treatment since December 5, 1995, [thus] satisfying the requirement of A. C. A. § 11-9-102(5)(E)(ii).

On December 27, 1995, Dr. Deneke diagnosed osteoarthritis and probable tendinitis, noting that appellee had experienced a year's discomfort in his hands with occasional sore wrists, pain in his left forearm, and his right hand "going to sleep" and more painful than the left. Dr. Deneke's office notes of March 29,

1996, state that a nerve conduction study showed carpal tunnel syndrome to be moderate on the right and mild on the left, that numbness was related to the syndrome, and that the relation of pain to the syndrome remained to be seen. Dr. Deneke wrote that if splints were not of benefit over the next two months, "[W]e will consider referring to Orthopaedics for carpal tunnel release, at least on the right. If his symptoms worsen and he is unable to work, we may need to send him sooner. Certainly, it is likely that continuing his present job is going to continue the aggravation in his hands."

The Commission found that appellant's bilateral carpal tunnel syndrome and the aggravation of his osteoarthritis were both compensable injuries. We do not view Arkansas Code Annotated section 11-9-102(5)(E)(ii) (Supp. 1997), as precluding a finding that separate injuries or conditions that occur simultaneously or near in time to each other can be compensable. This is true even though the statute requires that both compensable injuries or conditions are the major cause of the disability or need for treatment. Neither does the fact that injuries are located in the same body member, as here, act to disqualify an award of benefits when a claimant meets the statutory requirements of the need for treatment. "Major cause," which is defined as more than fifty percent of the cause, shall be established according to the preponderance of the evidence. Ark. Code Ann. § 11-9-102(14)(A) & (B) (Repl. 1997).

As discussed earlier in this opinion, appellee and his co-workers testified that at the time of onset and progression of his difficulties, he grasped and lifted and moved thousands of items during an eight-hour shift. Dr. Deneke diagnosed carpal tunnel syndrome, a nerve conduction study confirmed the diagnosis, and medical records established the need for medical treatment. Thus, there was sufficient evidence to support the Commission's finding that the claimant's carpal tunnel syndrome was compensable.

Affirmed.

AREY and ROAF, JJ., agree.