Gayle MEDLIN *v.* WAL-MART STORES, INC.

CA 98-345                                                    977 S.W.2d 239

Court of Appeals of Arkansas
Division IV
Opinion delivered November 4, 1998

*John Bartlett*, for appellant.

*Roberts Law Firm, P.A.*, by: *Mike Roberts*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's decision finding that appellant failed to prove that her work was the major cause of her disability. On appeal, appellant argues that there is no substantial evidence to support the Commission's decision and that the Commission erred as a matter of law in applying Ark. Code Ann. section 11-9-102(5)(E)(ii) (Supp. 1997). We agree with appellant's second point and reverse and remand.

Appellant began working for appellee in August of 1995, primarily as a cashier. In December of 1995, appellant began developing numbness in her right hand, and she noticed a decrease in her ability to grip. When her symptoms interfered with her sleep, she sought medical attention and was referred to Dr. Ken Carpenter. Dr. Carpenter diagnosed carpal tunnel syndrome. Appellant was referred to orthopedic surgeon Dr. Larry Mahon, who performed a surgical release on March 28, 1996. Appellee denied compensation, and a hearing was held.

The Commission found that Dr. Mahon's opinion did not provide any definitive guide to whether the claimant's *work* was the major cause of her disability and:

> Dr. Mahon can only state that it is compatible with the disability and need for treatment but he cannot state that it is or is not the major cause. Accordingly, we cannot find that Dr. Mahon's opinion is sufficient to establish the major cause requirement necessary to prove the compensability of her claim. When claimant

has failed to submit sufficient evidence to overcome the major cause requirement . . . the claim is not compensable. . . . . In our opinion, we should be guided by Dr. Mahons' educated medical opinion. Dr. Mahon cannot state within a reasonable degree of medical certainty that the claimant's work accounts for more than fifty percent of her disability or need for treatment. If Dr. Mahon cannot render such an opinion, we cannot see there is sufficient evidence in the record to allow us to make such a finding.

Arkansas Code Annotated section 11-9-102(5)(E)(ii) provides that the burden of proof for injuries falling within the definition of compensable injury that are not caused by a specific incident or are not identifiable by time and place of occurrence, such as carpal tunnel syndrome, shall be by a preponderance of the evidence, and the resultant condition is compensable only if the alleged compensable injury is the major cause of the disability or need for treatment. Thus, in the present case, appellee had the burden of proving by a preponderance of the evidence that her carpal tunnel syndrome injury was the major cause of the disability or need for treatment. *Tyson Foods, Inc. v. Griffin,* 61 Ark. App. 222, 966 S.W.2d 914 (1998). However, the Commission erred as a matter of law in its application of Ark. Code Ann. section 11-9-102(5)(E)(ii) because it required a finding that appellant's work, as opposed to her injury, was the major cause of the disability or need for treatment. It appears that the Commission has mistakenly confused the requirements for establishing a causal connection between a claimant's work and his/her injury, and the added requirement after 1993 that an alleged compensable injury must be the major cause of the claimant's disability or need for treatment where the injury is not caused by a specific incident or is not identifiable by time and place of occurrence. These are two distinct requirements that do not coincide with each other. A causal connection must be established in every case; however, the requirement that an alleged compensable injury must be the major cause of the disability or need for treatment only comes into play when an injury is not caused by a specific incident or is not identifiable by time and place of occurrence. Because of the Commission's misapplication of Ark. Code Ann. section 11-9-102(5)(E)(ii), we must reverse and remand for the Commission to reconsider the facts of this case not inconsistent with this opinion. We do not

reach appellant's challenge to the sufficiency of the evidence because of our resolution of the previous issue.

Reversed and remanded.

JENNINGS and CRABTREE, JJ., agree.