Charles FRANCES v.
GAYLORD CONTAINER CORPORATION

CA 99-372                                                9 S.W.3d 550

Court of Appeals of Arkansas
Divisions IV and I
Opinion delivered January 19, 2000
[Petition for rehearing denied February 23, 2000.* ]

---

* STROUD, J., would grant.

*Davis, Mitchell & Davis*, by: *Gary Davis*, for appellant.

*Bridges, Young, Matthews & Drake PLC*, by: *Michael J. Dennis*, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Charles Frances filed a claim for workers' compensation benefits, alleging that he suffered a compensable back injury while working for appellee Gaylord Container on September 23, 1996. The ALJ

found the claim to be compensable, and ordered the appellee to cover related medical expenses and pay temporary total disability benefits from September 3, 1997, through January 7, 1998. However, on appeal to the Workers' Compensation Commission, the Commission reversed the decision of the ALJ and awarded no benefits pursuant to its finding that Mr. Frances failed to prove that his back condition was the result of any work-related incident. Mr. Frances now appeals, arguing that the Commission's decision is not supported by substantial evidence. We agree, and we reverse and remand for an award of benefits.

When the Commission denies coverage because the claimant failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *McMillan v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997). In determining the sufficiency of the evidence to sustain the findings of the Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Weldon v. Pierce Bros. Constr.*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case de novo. *Tyson Foods Inc. v. Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988).

Brian Hamblin, a co-worker of Mr. Frances and employee of Gaylord Container for eight-and-one-half years, testified about the alleged September 23, 1996, incident. Mr. Hamblin stated that, on that day, a paper machine heated up and a sheet broke, and apparently Mr. Frances went to fix the problem. About twenty minutes later, Mr. Frances told him that, while attending to the paper machine, he was "hit by the scanner" and was "pinched in the machine." When Mr. Frances told Mr. Hamblin about being injured, Mr. Hamblin noticed that the back of his shirt was ripped and he had a cut on his arm. When asked if he was going to go to the doctor, Mr. Frances replied, "No, I think it's all right." How-

ever, according to Mr. Hamblin, Mr. Frances filled out an accident report with the foreman. Mr. Frances continued working, but two or three days later he told Mr. Hamblin that his back was still hurting and "once or twice he just laid up on the counters." Mr. Hamblin testified that, after the accident, Mr. Frances would limp around at work and that he had never known him to do that before.

Randy Womack, an employee of four years, was also working on the day of the alleged accident. He testified that "when he came out around the back of the machine, his arm was bleeding and his shirt was torn, and he told me that the scanner had caught him." About three days later, Mr. Frances complained to Mr. Womack of back pain and numbness in his leg.

Bobby Young, Mr. Frances's auto mechanic, testified that in November 1996 Mr. Frances brought his car in and was walking crooked and complaining of hurting his back at work. Mr. Young had been his mechanic for ten years and had never seen him in this condition.

Mr. Frances testified on his own behalf, and he stated that he had been employed with the appellee and its predecessors since 1963. He gave an account of the paper scanner striking him, causing him to twist to the floor in an awkward motion to avoid being seriously injured. Although he was in pain, he continued to work until mid-November when he missed two days of work because his condition became intolerable. He first sought medical treatment on December 2, 1996, from Dr. Clyde Paulk. Dr. Paulk referred him to Dr. Robert Dickins, who performed an MRI and diagnosed a possible herniation. Mr. Frances then underwent conservative treatment, including physical therapy, and continued to work his regular work schedule. However, when his back condition failed to improve, he underwent surgery on September 3, 1997, which forced him to remain off work until January 7, 1998.

The testimony revealed that a meeting was held between Mr. Frances and his supervisors in January 1997. The gist of the meeting was to assess his medical treatment plan. He had been paying for medical care through his health insurance, and was told that if he filed a workers' compensation claim, it would probably be denied and that the insurance might stop paying. Apparently, it was suggested to Mr. Frances that he fill out some forms and see appellee's

doctors, but being confused as to the ramifications of all of this, he refused to sign the forms and continued treatment under the care of his own physicians. According to Mr. Frances's supervisors, he performed his regular job duties through January 1997 without any apparent impairment. However, one of his supervisors acknowledged that, while he did not witness the incident with the paper machine, he became aware of it within a week of its occurrence.

For reversal, Mr. Frances submits that the Commission erred in failing to find that he sustained a compensable injury. He notes that his account of the accident was corroborated by two co-employees, who noticed him limping and complaining of pain thereafter. Mr. Frances also notes that the initial reports of both Drs. Paulk and Dickins reflect a work-related injury that occurred in the manner described by his testimony. Although he was able to continue working, his job mostly included standing but no heavy lifting. A herniation was diagnosed two-and-one-half months after the accident, and when conservative treatment failed, surgery became necessary. As to causation of the back condition, Dr. Dickins stated in a report:

> The statement that I can make about this is that the mechanism of injury that he describes could produce a lumbar disc injury. The history given that he initially sustained back pain and then four weeks later recurrent back and leg pain could be consistent with an injury to the disc initially, subsequently followed by the development of a herniation of that disc.

Based on the uncontradicted evidence, Mr. Frances argues that the only reasonable conclusion to be made is that his back condition and resulting treatment were caused by the accident at work.

■■ We hold that there is no substantial basis to support the Commission's decision to deny compensability. In its opinion, the Commission acknowledged that an accident occurred on September 23, 1996, but concluded that it only resulted in minor abrasions not worthy of compensation. We disagree. Four witnesses testified that, shortly after the incident, Mr. Frances was limping and complaining of back pain, and there was nothing in the record to indicate that Mr. Frances had prior back problems or that his current problems were caused by anything other than the accident at work. Although credibility determinations are left to the Commission, it is not free to arbitrarily disregard any witness's testimony.

*See Wade v. Mr. C. Cavenaugh's*, 25 Ark. App. 237, 756 S.W.2d 923 (1988). Both doctors reported the accident consistent with that elicited by the testimony, and Dr. Dickins's reports indicate gradual back problems resulting from the accident that eventually required surgery. While Mr. Frances continued to work after the accident, his job was light and it is apparent that he was trying to work through the pain.

In reaching its decision, the Commission relied in part on the fact that the December 6, 1996, report of Dr. Dickins references a work-related exacerbation on November 16, 1996, but that this incident was not accounted for by any of the other evidence presented. However, there was evidence that, at about that time in November, Mr. Frances missed two days of work due to back pain, and thus the reference in the medical report was not fatal to his claim.

The Commission also relied on the fact that, in January 1997, Mr. Frances refused to sign workers' compensation forms or go to the insurance carrier's doctor. However, in light of the testimony elicited about the January 1997 meeting, it is evident that he was understandably confused as to what his options were. Furthermore, his choice of physician has little to do with whether his back condition was caused by a work-related incident.

Finally, the Commission relied on Ark. Code Ann. § 11-9-102(16)(B) (Supp. 1997), which provides that medical opinions addressing compensability must be stated within a reasonable degree of medical certainty. Because Dr. Dickins's opinion was that the accident as described by Mr. Frances *could* have caused the herniation and need for surgery, the Commission found that this requirement was not met. We disagree with this assessment.

As pointed out by the claimant in this case, a doctor will virtually never witness a compensable injury and must rely on the accounts given by their patients. This, however, does not necessarily preclude compensation. In *Service Chevrolet v. Atwood*, 61 Ark. App. 190, 966 S.W.2d 909 (1998), we held that this requirement was met when an ophthalmologist gave the opinion that the work-related incident was the kind of event capable of causing the injury suffered. The ophthalmologist stated, "[c]ertainly, an acidic solution such as wheel cleaner can cause irregular corneal astigmatism like

that present in [appellee]." *Id.* at 197, 966 S.W.2d at 913. The fact that a physician fails to use the magic words "reasonable medical certainty" does not, by itself, invalidate his medical opinion. *See id.* (citing *Paulsen v. State*, 541 N.W.2d 636 (Neb. 1996)). In the instant case, Dr. Dickens gave the opinion that the work-related accident was the kind of event that could cause the resulting back condition, and this was sufficient to satisfy the relevant statute.

For the foregoing reasons, we are compelled to reverse the Commission's decision to deny compensability.

Reversed and remanded.

HART, ROGERS, and ROAF, JJ., agree.

JENNINGS and STROUD, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. A decision of the Workers' Compensation Commission is entitled to the same weight we give to a jury verdict. *Hapney v. Rheem Manufacturing Co.*, 67 Ark. App. 8, 992 S.W.2d 151 (1999). I agree with Judge Stroud that here the Commission's decision displays a substantial basis for the denial of the relief sought and would affirm for that reason.

JOHN F. STROUD, JR., Judge, dissenting. Under Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 1999), it was appellant's burden to prove that his work-related accident in September 1996 caused his herniated lumbar disk and the resulting need for surgery. In support of its finding that this burden had not been met, the Commission relied in part upon testimony that two to three days after the incident claimant attributed being "kind of laid up" to getting older; that it was more than two months before appellant presented any back problems to a doctor; that when appellant first sought medical treatment, he told healthcare providers that his condition was not related to work; that he denied work-relatedness when applying for group health benefits; that he refused to sign papers for a workers' compensation claim in January 1997; and that he did not undergo surgery until almost a year after the incident. The substantial-evidence standard of review requires that we affirm if a substantial basis for the denial of relief is displayed by the Commission's opinion. *Hooks v. Gaylord Container Corp.*, 67 Ark. App. 159, 992 S.W.2d 844 (1999). I would hold that the above evidence constitutes a substantial basis for the denial of the claim.

Further, I disagree with the majority's finding that because back pain caused appellant to miss work around November 16, 1996, Dr. Robert Dickins's report with reference to an incident at work on that date is not fatal to appellant's claim. Dr. Dickins's report states that appellant initially twisted his back when he was struck by the machine but afterwards got better, that three to four weeks later he started having back pain, and then, "when he was at work on November 16, 1996, he twisted and had severe pain strike him in his back and he developed some radicular symptoms in his right leg described as soreness and numbness. His pain was much worse the following morning . . . ." The Commission discussed the report and appellant's burden of proof as follows:

> With regard to the mention of an incident at work on November 16, 1996, claimant did not present any evidence corroborating this history . . . . Conceivably, in light of the history provided to Dr. Dickens, an incident did occur at work in November of 1996, which brought on claimant's lower back pain, however, claimant has failed to present sufficient evidence to rise to a preponderance of the evidence to confirm that anything actually happened to the claimant while at work on November 16, 1996. *In our opinion, the history as recorded by Dr. Dickens operates to discredit claimant's testimony that all of his current low-back problems which necessitated surgery in September of 1997, stem from the September 1996 incident, but it fails to confirm by a preponderance of the evidence that an incident, in fact, occurred in November of 1996 resulting in claimant's need for surgery.* (Emphasis added.)

I do not agree with the majority's view that appellant's absence from work in November resolves his dilemma of proving that a work-related incident caused the back problems that necessitated surgery.

Last, I note the majority's citation to *Service Chevrolet v. Atwood,* 61 Ark. App. 190, 966 S.W.2d 909 (1998), regarding our statutory requirement in workers' compensation cases that medical opinions addressing causation be stated within a reasonable degree of medical certainty. That case held that the requirement was met by an ophthalmologist's statement, "[C]ertainly, an acidic solution such as wheel cleaner can cause irregular corneal astigmatism like that present." The *Atwood* court was guided in part by *Paulsen v. State,* 541 N.W.2d 636 (Neb. 1996), and its holding that "an expert opinion is to be judged in view of the entirety of the expert's opinion and is not validated or invalidated solely on the basis of the

presence or lack of the magic words 'reasonable medical certainty.' " 61 Ark. App. at 196, 966 S.W.2d at 913. The majority opinion ignores the following portion of *Atwood*, which recites the Nebraska Supreme Court's interpretation of medical statements such as those made by Dr. Dickins:

> We have held that *expert medical testimony based on "could," "may," or "possibly" lacks the definiteness required to meet the claimant's burden to prove causation*. Our well-known preference for the use of the phrases "reasonable degree of medical certainty" or "reasonable degree of probability" is an indication to courts and parties of the necessity that the medical expert opinion must be stated in terms that the trier of fact is not required to guess at the cause of the injury.

*Paulsen v. State*, 249 Neb. 112, 121, 541 N.W.2d 636, 643 (1996) (citations omitted). 61 Ark. App. at 196, 966 S.W.2d at 913 (emphasis added).

Here, Dr. Dickins's stated medical opinion was that the mechanisms of the injury described by appellant "*could* produce a lumbar injury" and that appellant's history of initial back pain with recurrent back and leg pain "*could* be consistent with an injury to the disc initially, subsequently followed by the development of a herniation of that disc." It is my view that under *Service Chevrolet v. Atwood*, the Commission correctly found that Dr. Dickins's statements did not meet our statutory requirement that an opinion as to causation be stated within a reasonable degree of medical certainty.

In workers' compensation cases, the question for the appellate court is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Hooks v. Gaylord Container Corp.*, 67 Ark. App. 159, 992 S.W.2d 844 (1999). Under this and the aforementioned standards of review, I would affirm the Commission's denial of appellant's claim.