Michael CRUDUP *v.* REGAL WARE, INC.

CA 99-797                                   11 S.W.3d 567

Court of Appeals of Arkansas
Division IV
Opinion delivered March 1, 2000

*Davis, Mitchell & Davis*, by: *Gary Davis*, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Frank B. Newell*, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Michael Crudup filed a workers' compensation claim against appellee Regal Ware, Inc., contending that his carpal tunnel syndrome was caused by his employment. The Workers' Compensation Commission denied compensability, relying in part on its conclusion that Mr. Crudup failed to prove that his gradual injury was caused by rapid repetitive motion pursuant to Ark. Code Ann. § 11-9-102(5)(A)(ii)(a) (Repl. 1996). Mr. Crudup subsequently filed a motion for reconsideration in light of our supreme court's holding in *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 969 S.W.2d 190

(1998), which was delivered less than a week after the Commission filed its order denying benefits in the instant case. Because the supreme court in *Kildow* held that proof of rapid and repetitive motion is not necessary for a finding of compensability for a claim involving carpal tunnel syndrome, the Commission granted Mr. Crudup's motion and reconsidered its decision. Upon reconsideration, the Commission again found the condition to be noncompensable. Mr. Crudup now appeals, arguing that substantial evidence does not support the Commission's decision. We agree, and we reverse and remand for an award of benefits.

██ ██ When the Commission denies coverage because the claimant failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *McMillan v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997). In determining the sufficiency of the evidence to sustain the findings of the Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Weldon v. Pierce Bros. Constr.*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case de novo. *Tyson Foods, Inc. v. Disheroon*, 26 Ark App. 145, 761 S.W.2d 617 (1998).

Mr. Crudup testified on his own behalf at the hearing before the Commission. He stated that he has worked at Regal Ware since graduating from high school in 1982. His employment requires him to package cooking ware into boxes on an assembly line throughout an eight-hour day. The evidence established that he was expected to pack boxes at a rate of about five to six boxes per minute. Mr. Crudup testified that he had to make quick hand movements to keep up with the line. He further stated:

> One of my biggest problems is manipulation of the diecuts. The cardboard is hard to fold. You are manipulating your wrist and

knuckles, bending the cardboard. This is an activity that we must engage in on a daily basis.

Mr. Crudup testified that, in 1996, he started experiencing pain in his right hand, and a ganglion cyst developed. In May 1996, the appellee accepted this condition as being compensable, and the cyst was surgically removed. Mr. Crudup did not miss work as a result of the cyst removal.

According to Mr. Crudup, he was placed on lighter duty following the surgery. Thereafter, he experienced intermittent wrist pain that he reported to the plant nurse, and he was eventually unable to continue working. On April 4, 1997, he informed his supervisor that the pain prevented him from performing his job, and he sought medical treatment from Dr. Harold Betton. Dr. Betton referred appellant to Dr. Michael Moore, and Dr. Moore performed carpal tunnel release surgery on appellant's right wrist on July 2, 1997. Mr. Crudup was able to return to work on September 9, 1997, and he has continued to work for Regal Ware since that time, although he has continued to feel minor discomfort. Mr. Crudup maintained that "I did not do anything else outside of work that might have brought about these problems," and that "I did not hurt myself in any other way."

Brenda LeeAnn Fleming, the appellee's plant nurse, also testified. In contradiction to Mr. Crudup's testimony, she could not recall him complaining of wrist pain at any time after the May 1996 surgery until he presented to her office with complaints in April 1997.

During Dr. Moore's evaluation of Mr. Crudup he was able to form an opinion as to the causation of Mr. Crudup's condition. Dr. Moore reported:

> I had a long discussion with Mr. Crudup regarding his medical condition as it related to work. He reports that he performs work which requires repetitive lifting and gripping. I cannot definitively state that the work he performs at Regal Ware is a primary cause of carpal tunnel syndrome, however, if Mr. Crudup does perform repetitive work, it is likely this activity could precipitate, or aggravate, his symptoms. Finally, if I could review Mr. Crudup's work requirements, it would be easier to determine if the carpal tunnel syndrome could be related to this work activity.

The issues before the Commission were whether or not Mr. Crudup established entitlement to compensation as a result of an aggravation, a recurrence, or a new injury. The Commission ruled that, because there was no evidence linking the May 1996 surgery to his carpal tunnel syndrome, Mr. Crudup failed to prove that his condition constituted an aggravation or recurrence of the prior injury. We think the Commission's opinion provides a substantial basis to support this finding. However, we find no substantial basis to support its determination that Mr. Crudup failed to establish entitlement to compensation for a new injury, independent of the ganglion cyst removed a year earlier.

██ ██ In denying benefits, the Commission found that Mr. Crudup failed to prove that his injury was the major cause of his disability or need for treatment as required by Ark. Code Ann. § 11-9-102(5)(E)(ii) (Repl. 1996). This finding was erroneous. The requirement for establishing a causal connection between a claimant's work and his injury, and the added requirement after 1993 that an alleged compensable injury must be the major cause of the claimant's disability or need for treatment where the injury is not caused by a specific incident, are two distinct requirements. *Medlin v. Wal-Mart Stores, Inc.*, 64 Ark. App. 17, 977 S.W.2d 239 (1998). Thus, in the instant case, Mr. Crudup's burden was to prove that his injury was caused by his work, and further that his carpal tunnel syndrome was the major cause of the disability or need for treatment. *See id.* He did not have to prove that his work was the major cause of his disability. In the case at bar, there can be no dispute that his *injury*, i.e., carpal tunnel syndrome, was the major cause of his need for treatment and release surgery and the resulting disability.

Although the "major cause" requirement was met by Mr. Crudup, there is also the issue of whether he proved a causal connection to his work. In the Commission's opinion, it states that he failed to prove that his carpal tunnel syndrome arose out of and in the scope of his employment because he failed to offer any proof that his carpal tunnel syndrome was causally related to his 1996 compensable injury. However, the Commission failed to address Mr. Crudup's contention that there was a causal connection giving rise to compensation for a new injury. Nevertheless, even if an adverse finding had been made in this regard, it would not have been supported by substantial evidence.

■ It is undisputed that Mr. Crudup's employment requires quick hand and wrist movements throughout the day, as was conceded in the testimony of his supervisor. There is also no doubt that his job is repetitive, and Dr. Moore opined that, if his job is repetitive, it likely could be the cause or aggravation of his symptoms. Significantly, there was no other suggestion in the record as to what, other than his employment, could have caused his carpal tunnel syndrome. Under these circumstances, fair-minded people could not find that Mr. Crudup's injury did not arise out of and in the course of his employment.

■■ Finally, the Commission denied compensability on the alternate basis that Dr. Moore's medical opinion addressing compensability was not given within a reasonable degree of medical certainty as required by Ark. Code Ann. § 11-9-102(16)(B) (Repl. 1996). We disagree. In *Frances v. Gaylord Container Corp.*, 69 Ark. App. 26, 9 S.W.3d 550 (2000), this court pointed out that a doctor will virtually never witness a compensable injury and must rely on the account given by his or her patient, but that this does not necessarily preclude compensation if the doctor finds that the work history given by the patient is consistent with the injury suffered. In the instant case, Dr. Moore gave the opinion that if the work was repetitive (which it was), it likely could precipitate or aggravate Mr. Crudup's wrist condition. Based on the precedent set in *Frances v. Gaylord Container Corp.*, we hold that his opinion was stated within a reasonable degree of medical certainty as contemplated by the statute.

■ We find that Mr. Crudup proved every element necessary to establish compensability for the gradual onset of carpal tunnel syndrome, and that the Commission's opinion fails to display a substantial basis for denying the relief sought. Therefore, we reverse and remand for an award of benefits.

Reversed and remanded.

STROUD and ROAF, JJ., agree.