McDONALD EQUIPMENT CO. *v.* Gerald TURNER

CA 88-149                                   766 S.W.2d 936

Court of Appeals of Arkansas
Division II
Opinion delivered February 1, 1989
[Rehearing denied March 15, 1989.]

*Barber, McCaskill, Amsler, Jones & Hale, P.A.,* for appellant.

*Gerald W. Carlyle,* for appellee.

GEORGE K. CRACRAFT, Judge. McDonald Equipment Company appeals from a decision of the Arkansas Workers' Compensation Commission awarding additional benefits to Gerald Turner for an injury which occurred in December of 1984. In reaching its decision, the Commission concluded that the additional disability suffered by the appellee was a "continuation" of the December injury for which the statute of limitations had been tolled under the so-called "latent injury rule." We conclude that the evidence does not support findings on which to base the application of that rule and remand the case to the Commission for further proceedings on the appellee's contention on which the Commission made no findings.

Appellee's original claim was based upon an injury to his back sustained on December 3, 1984. Appellant accepted that injury as compensable and made all payments of compensation due on it in accordance with the act. The last payment was made on April 3, 1985. On March 4, 1987, more than one year after the last payment of compensation and more than two years after the 1984 injury, appellee filed another claim for benefits, contending that he had sustained a second injury, or reinjured his back, on May 19, 1985, when he slipped and fell while alighting from a truck being operated within the scope of his employment. Appellant contended that appellee's May 19, 1985, injury was not job-related and, in any event, was a mere recurrence of the earlier injury and now barred by the statute of limitations.

The difference between a mere recurrence and aggravation of preexisting condition was discussed in *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

When the primary injury is shown to have arisen out of and in the course of the employment, the employer is responsible for every natural consequence that flows from that injury. If, after the period of initial disability has subsided, the injury flares up without an intervening cause and creates a second disability, it is a mere recurrence, and the employer remains liable if the claim is made within the greater of two years after the injury or one year after the date on which compensation was last paid. *See* Ark. Code Ann. § 11-9-702(b) (1987) (formerly Ark. Stat. Ann. § 81-1318(b) (Repl. 1976)). However, if the second period of disability is the result of a second incident which contributes independently to the injury, the injury is a new one for which the employer becomes liable, and the statute of limitations begins to run anew, even though the prior condition may contribute to a major part of the final condition. *Bearden Lumber Co* v. *Bond, supra.*

Appellee testified that, on May 9, 1985, he went to appellant's place of business as was his duty. He slipped and fell to his knees while alighting from a truck and suffered severe pain to his back for which he sought treatment. There was also testimony that, although appellee returned to work at his old job and worked full time after his December, 1984, injury, the pain from that injury never fully subsided and he continued to complain of it up until the second incident.

The Commission considered the distinction between a mere recurrence and an aggravation of a prior injury to be immaterial. Although neither party contended that the "latent injury rule" applied, the Commission so concluded. It found that appellee had "proved by a preponderance of the credible evidence the occurrence of an *incident* arising out of his employment on May 19, 1985" (emphasis added), but made no finding on appellee's contention that that incident was an independent intervening cause contributing to his present disabilities. The Commission concluded that "[i]t was not until completion of diagnostic testing . . . in 1987 that the full extent and nature of [appellee's] December 3, 1984 injuries was known," and that the matter fell within the latent injury rule as noted in *Woodward* v. *ITT Higbie Manufacturing Co.*, 271 Ark. 498, 609 S.W.2d 115 (Ark. App. 1980).

We conclude that the case before us is controlled by the

decision of the supreme court in *Cornish Welding Shop* v. *Galbraith*, 278 Ark. 185, 644 S.W.2d 926 (1983). There, the court reaffirmed its prior decisions under similar circumstances that, "when the substantial character of the injury becomes known, then the claimant must file his claim within a specified period of time, or be barred thereafter by the statute of limitations." *Id.* 278 Ark. at 187, 644 S.W.2d at 927. Here, appellee knew that he had injured his back in December of 1984. He was informed by his doctor of the nature of his injury and has continued ever since to suffer with pains in his back. The "substantial character" of his injury has not changed but was known from the beginning. Only the severity of appellee's pain has changed since the second "incident." We conclude that the Commission's finding that the appellee's injury was a latent one is not supported by substantial evidence and must be reversed.

■ The appellee's contention was not that his injury was latent but that he had suffered a reinjury or aggravation of his prior injury in the second incident, and he offered all of his lay and some medical testimony tending to establish that fact. The Commission made no finding as to whether the May, 1985, incident was a mere recurrence or an aggravation of a preexisting injury, apparently concluding that it made no difference. We conclude that it does make a difference, as the resolution of that issue will be the deciding factor as to whether appellee's claim is barred by the statute of limitations. We therefore remand the matter to the Commission for a determination of that issue and further proceedings not inconsistent with this opinion.

Reversed and remanded.

COOPER and MAYFIELD, JJ., agree.