FARMLAND INSURANCE COMPANY *v.* Tracy DUBOIS

CA 95-911                                                    923 S.W.2d 883

Court of Appeals of Arkansas
Division III
Opinion delivered June 19, 1996

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *David Landis* and *Mark Alan Mayfield*, for appellant.

*Denver L. Thornton*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's order affirming and adopting the administrative law judge's decision. The ALJ found that appellee sustained a compensable back injury on March 12, 1994, and awarded medical benefits and temporary total disability benefits from March 23, 1994, until a date yet to be determined. On appeal, appellant argues that there is no substantial evidence to support the Commission's decision. We disagree and affirm.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by

substantial evidence. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *St. Vincent Infirmary Med. Ctr.* v. *Brown*, 53 Ark. App. 30, 917 S.W.2d 550 (1996).

Appellee testified that while working on Saturday, March 12, 1994, she replaced a canister of coke syrup into a fountain machine and felt a burning pain down her right side to her foot. She said that she informed her co-workers Penny Howie and Janet George of the event. The record reveals that appellee was prescribed medication and was off work until the following Thursday. Appellee testified that while walking to work on March 22, 1994, she again felt burning pain in her right leg. She said that she called Bob Hardin, the regional manager, before going to the emergency room.

Ms. George testified that appellee called her on March 12, 1994, and reported that she had hurt her back.

The Commission found appellee's testimony credible and concluded that the incident on March 12, 1994, aggravated appellee's previous back condition. The Commission specifically found that appellee proved by a preponderance of the evidence that her injury was caused by a specific incident that was identifiable by time and place of occurrence.

On appeal, appellant contends that, because appellant had a preexisting back condition which was aggravated by an incident at work, she must prove that the incident at work was the major cause of her recent disability. We disagree.

Arkansas Code Annotated § 11-9-102(5)(A),(E), and (F) (Repl. 1996) provide in part:

(5)(A) "Compensable injury" means:

(i) An accidental injury causing internal or external physical harm to the body ... arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is identifiable by time and place of occurrence;

(ii) An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it is not caused by a specific incident or is not identifiable by time and place of occurrence, if the injury is:

(a) ...

(b) A back injury which is not caused by a specific incident or which is not identifiable by time and place of occurrence;

...

(E) Burden of Proof. The burden of proof of a compensable injury shall be on the employee and shall be as follows:

(i) For injuries falling within the definition of compensable injury under subdivision (5)(A)(i) of this section, the burden of proof shall be a preponderance of the evidence;

(ii) For injuries falling within the definition of compensable injury under subdivision (5)(A)(ii) of this section, the burden of proof shall be by a preponderance of the evidence, and the resultant condition is compensable only if the alleged compensable injury is the major cause of the disability or need for treatment.

(F) Benefits.

(i) When an employee is determined to have a compensable injury, the employee is entitled to medical and temporary disability as provided by this chapter.

(ii)(a) Permanent benefits shall be awarded only upon a determination that the compensable injury was the major cause of the disability or impairment.

(b) If any compensable injury combines with a preexisting disease or condition or the natural process of aging to cause or prolong disability or a need for treatment,

permanent benefits shall be payable for the resultant condition only if the compensable injury is the major cause of the permanent disability or need for treatment.

"Major cause" means more than fifty percent (50%) of the cause. Ark. Code Ann. § 11-9-102(14)(A) (Repl. 1996).

█ In this instance, the Commission found evidence that appellee's injury was caused by a specific incident. Therefore, there was no requirement for it to be shown that the compensable injury was the major cause of her disability. Under Ark. Code Ann. § 11-9-102(5)(E)(ii), that becomes a requirement only when the injury was not occasioned by a specific incident. Consequently, we find no merit in appellant's argument.

█ Also, Ark. Code Ann. §§ 11-9-102(5)(F)(i) & (ii) provide that when an employee is determined to have a compensable injury, the employee is entitled to medical and temporary disability as provided by this chapter. It goes on to specifically provide that if any compensable injury combines with a preexisting condition, *permanent* benefits shall be payable only if the compensable injury is the major cause of the permanent disability or need for treatment. Therefore, when a claimant who has sustained a compensable injury is seeking permanent disability benefits there is a requirement to prove that the compensable injury is the major cause of the permanent disability. In this case, appellee was only seeking medical benefits and temporary total disability. Therefore, appellant's argument is misplaced.

Appellant further contends that the Commission erred in finding that appellant's injury was caused by a specific incident when there is an aggravation of a preexisting condition. Appellant argues that an aggravation rules out the possibility that appellee's disability is caused by a single incident. We do not agree with appellant's reasoning.

█ An aggravation is a new injury resulting from an independent incident. *See Pinkston* v. *General Tire & Rubber Co.*, 30 Ark. App. 46, 782 S.W.2d 375 (1990). The independent incident must be shown to be work-related to establish compensability. In addition, under Ark. Code Ann. § 11-9-102(5)(A)(i), it must be shown that the accidental injury was caused by a specific incident identifiable by time and place of occurrence. In this case, the independent incident was appellee's accident at work of moving the coke canis-

ter. The Commission found, and we have agreed, that the incident was compensable and that it met the definition of an "accidental injury" because it was a specific incident identifiable by time and place of occurrence. Therefore, an aggravation, being a new injury with an independent cause, must meet the requirements for a compensable injury and can be caused by a specific incident.

Affirmed.

ROBBINS and NEAL, JJ., agree.