Forest A. McMILLAN *v.* U.S. MOTORS

CA 96-1231                                             953 S.W.2d 907

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered October 15, 1997
[Petition for rehearing denied November 19, 1997.]

*Lane, Muse, Arman & Pullen*, by: *Shannon Muse Carroll*, for appellant.

*Roberts Law Firm, P.A.*, by: *Mike Roberts*, for appellee.

D. FRANKLIN AREY, III, Judge. This is a workers' compensation case in which the appellant, Forest McMillan, claims that he sustained a shoulder injury at work. The Workers' Compensation Commission denied benefits. On appeal, appellant argues that he did prove a compensable injury, that his injury was causally related to his employment, and in the alternative, that his injury aggravated a preexisting condition. We affirm.

In determining the sufficiency of the evidence to sustain the findings of the Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Weldon v. Pierce Bros. Constr.*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1991). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case de novo. *Tyson Foods, Inc. v. Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988). Where, as here, the Commission has denied a claim because of a failure to show entitlement by a preponderance of the evidence, the substantial evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Whaley v. Hardee's*, 51 Ark. App. 166, 912 S.W.2d 14 (1995).

In making our review, we recognize that it is the function of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. *Id.* The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings

of fact only those portions of the testimony it deems worthy of belief. *Id.*

Appellant's primary job consisted of operating a machine that made motor shafts. On Friday, January 13, 1995, near the end of his shift, appellant was taking a part out of the machine he was operating and replacing it with another. While following this procedure, appellant's shoulder popped, and he experienced extreme pain, which he described as feeling "like somebody drove a shaft down through my neck and all the way down that came out my heel in my foot." Appellant did not complete any additional production work during his shift; he completed some clerical duties and went home.

Appellant testified that he could not use his left arm that weekend. He returned to work the following Monday, using only his right hand and arm to perform his tasks. He did so again on Tuesday; when his supervisor noticed, appellant explained that he had hurt his shoulder the previous Friday. Appellant testified that he continued to work for more than a full week without seeking medical treatment, explaining that he had separated his right shoulder on two prior occasions, and only received medication as treatment.

Appellant contended that his employer required him to take off work because of his physical problems, and would not permit him to return to work without a full medical release. Appellant was examined at the Austin Medical Clinic on January 23, 1995. Appellant previously sought treatment at this clinic on November 2, 1994, for a similar problem with his left shoulder that he developed while chopping wood at home. The doctor's notes from his January 23, 1995 visit reflect that the appellant's problems were the same for which the doctor treated appellant on November 2, 1994.

Doctor Austin gave the appellant a release, but his supervisors would not accept it. Appellant testified that his supervisors told him they would not allow him to come back to work until he was "100%." Appellant then went to see another physician, Dr. Robert Manis, at which time he was given anti-inflammatory medication and prescribed physical therapy. Dr. Manis' notes reflect

chronic pain syndrome secondary to old injuries of the appellant's shoulders, with capsulitis of the shoulders.

Appellant stated that the physical therapy prescribed by Dr. Manis worsened his condition. He never returned to work for appellee. Appellant testified that he was unable to use his left arm for approximately two and one-half months following the alleged injury.

The Commission affirmed and adopted the Administrative Law Judge's opinion. The Commission found appellant "to be a most credible witness;" it observed that appellant's testimony concerning his complaints and the reporting of his problems to appellee was undisputed. Nonetheless, the Commission found that the medical evidence was in conflict with appellant's testimony. In support of this observation, the Commission referred to the notes of Dr. Austin and Dr. Manis. Noting that it is appellant's burden to prove the job relatedness of any injury, the Commission found that appellant was not entitled to benefits because of the inconsistency between his testimony and the medical evidence. It made the following two conclusions, among others:

> 3. Claimant has failed to prove by a preponderance of the evidence that he sustained an injury arising out of and during the course of his employment which is compensable under our Workers' Compensation Laws.

> 4. Claimant has failed to prove by a preponderance of the credible evidence that his physical problems and/or disability is causally related to his employment.

The Commission's opinion displays a substantial basis for the denial of relief. Appellant alleges that he sustained an injury as the result of a specific incident that is identifiable by time and place of occurrence. Thus, appellant had the burden of proving a compensable injury by a preponderance of the evidence. Ark. Code Ann. § 11-9-102(5)(E)(i) (Repl. 1996). While the Commission found appellant to be *a* most credible witness, it also found the medical evidence to be conflicting. Specific reference was made to the doctors' notes, that in turn referenced old injuries as the possible source of appellant's pain. The inconsistencies between appellant's testimony and the medical evidence persuaded

the Commission that appellant failed to prove entitlement to benefits. The Commission concluded that appellant failed to prove by a preponderance of the evidence that he sustained an injury arising out of and during the course of his employment, or that there was a causal relationship between his injury and his employment. Because we believe there is a substantial basis for the Commission's denial of relief, we affirm.

In affirming the Commission's decision, we dispose of all three of appellant's arguments on appeal. First, appellant argues that he suffered a compensable injury. A "compensable injury" is one "arising out of and in the course of employment. . . ." Ark. Code Ann. § 11-9-102(5)(A)(i); see *Deffenbaugh Indus. v. Angus*, 313 Ark. 100, 103, 852 S.W.2d 804, 807 (1993). "Arising out of the employment" refers to the origin or cause of the accident. *Deffenbaugh Indus.*, 313 Ark. at 103, 852 S.W.2d at 807. Thus, in order to prove a compensable injury appellant must prove, among other things, a causal relationship between his employment and the injury. By concluding that the appellant did not prove that there was a causal relationship between the injury and the employment, the Commission precluded a finding of a compensable injury.

Likewise, appellant's second argument alleges a causal relationship between his employment and his injury. The Commission's conclusions, and the findings in support of those conclusions, dispose of this argument.

Appellant offers an alternative argument for his third point: that the injury aggravated a preexisting cumulative trauma injury. This argument also requires proof of a compensable injury. It is the rule "that when a pre-existing injury is aggravated by a later *compensable injury*, compensation is in order." *Wade v. Mr. C. Cavenaugh's*, 298 Ark. 363, 367, 768 S.W.2d 521, 523 (1989)(emphasis supplied). Thus, to prevail on this alternative argument, appellant must prove a compensable injury, which in turn requires proof of a causal relationship between his employment and the injury. Again, as explained above, the Commission's conclusions foreclose this argument.

Affirmed.

ROGERS, GRIFFEN, and CRABTREE, JJ., agree.

PITTMAN and NEAL, JJ., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. The appellant in the case at bar stated that, at approximately 11:00 p.m. on January 13, 1995, while taking a part out of a machine he was operating and replacing it with another part, his shoulder popped, and he experienced extreme pain. Appellant further stated that, as a result of this incident, he was deprived of the use of his left arm and shoulder and was unable to perform his job as he had done prior to this incident. While acknowledging that he had been treated for a similar problem with his left shoulder after chopping wood at home in November 1994, appellant testified that his problem in November was a mere ache that neither deprived him of the use of his arm nor caused him to miss any work.

The Commission specifically found that appellant was a "most credible" witness. It then noted that appellant's testimony was in conflict with medical evidence indicating that appellant's problems following the incident at work were the same as those for which he was treated in November 1994, and that appellant suffered from chronic pain syndrome secondary to old injuries of the shoulders. The Commission resolved the conflict in favor of appellee. The majority of this court holds that the Commission's opinion displays a substantial basis for denying appellant relief. I would reverse and remand for additional findings because the Commission's opinion is too ambiguous to allow us to conduct any meaningful appellate review.

The central mystery in this case is why the Commission, having specifically found that appellant's testimony was credible and supported his claim, nevertheless denied him benefits. The Commission stated that it did so because the medical evidence was "conflicting," and the majority accepts this as a sufficient finding to explain the denial of relief. I disagree. A satisfactory finding of fact must contain all the specific facts relevant to the contested issues so that the reviewing court can determine whether the Commission has resolved those issues in conformity with the law. *Wright v. American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986).

We cannot tell whether the Commission properly applied the law in the case at bar. Although the Commission tells us that the medical testimony conflicts with that of appellant, it fails to inform us of the nature of the conflict: Did the Commission believe that the work-related incident described by appellant never occurred, or that the incident was not characterized by sudden and severe pain, or that the effects of the incident were not as disabling as those described by appellant? The Commission could have taken any of these views of the facts, and some of them might have supported denial of benefits. We ultimately do not know, however, because the Commission's opinion omitted the minimum prerequisite of judicial review: a "simple, straightforward statement of what happened." *Id.* at 21, 709 S.W.2d at 109.

Other possibilities exist. The Commission might have believed every word of appellant's testimony and have denied benefits because it concluded that the substance of that testimony would not allow an award of benefits in light of the medical evidence that appellant had suffered from similar conditions in the past. This possibility has some merit; it would at least explain the central mystery of why the Commission apparently resolved a credibility issue against the "most credible" appellant. However, it presents other problems that are especially troubling in light of the majority's decision to affirm this case. For example, it seems to ignore the general rule that the employer takes the employee as he finds him, and that employment circumstances that aggravate preexisting conditions are compensable. *See Public Employee Claims Division v. Tiner,* 37 Ark. App. 23, 822 S.W.2d 400 (1992); *see also Hubley v. Best Western-Governor's Inn,* 52 Ark. App. 226, 916 S.W.2d 143 (1996) (aggravation of a preexisting noncompensable condition by a compensable injury is itself compensable); *Farmland Insurance Co. v. Dubois,* 54 Ark. App. 141, 923 S.W.2d 883 (1996) (aggravation of preexisting condition stemming from a specific work-related incident need not be the major cause of claimant's disability to be compensable); *Kuhn v. Majestic Hotel,* 324 Ark. 21, 918 S.W.2d 158 (1996) (Commission's finding that there was no causal connection between fall and surgery reversed where record showed that claimant was able to work until he fell and contained no evidence that claimant's earlier back problems caused the sur-

gery). More cases could be cited, but it is meaningless and misleading to discuss law in the absence of facts. The central question in all cases alleging aggravation of a preexisting condition, of course, is whether the condition was exacerbated by an independent intervening cause. *McDonald Equipment Co. v. Turner*, 26 Ark. App. 264, 766 S.W.2d 936 (1989); *Bearden Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983). Here the Commission failed to tell us whether a work-related incident occurred, let alone whether such an incident constituted an independent intervening cause with respect to any disability that may have resulted. In the absence of such findings, any discussion of the law is pointless.

In the case at bar, we attempt to guess what the Commission believed the facts to be. Our guesses may be clever, they may be informed, they may even be correct, but I submit that no meaningful review is possible when we are reduced to guessing whether the Commission erred in its application of the law.

I respectfully dissent.

NEAL, J., joins in this dissent.