Lilly KILDOW *v.* BALDWIN PIANO & ORGAN

97-828 969 S.W.2d 190

Supreme Court of Arkansas
Opinion delivered May 21, 1998
[Petition for rehearing denied June 25, 1998.]

*Mashburn & Taylor* by: *Timothy J. Myers*, for appellant.

*Ledbetter, Hornberger, Cogbill, Arnold & Harrison*, by: *James A. Arnold, II*, for appellee.

RAY THORNTON, Justice. In this case, we are asked to decide whether carpal tunnel syndrome (CTS) is a *per se* compensable injury under the Workers' Compensation Act, or whether a claimant must prove that it was caused by rapid repetitive motion. The Workers' Compensation Commission, interpreting the Act to require proof of rapid repetitive motion, denied benefits to appellant Lilly Kildow for CTS, which she contends resulted from her job activities at Baldwin Piano Company. The Arkansas Court of Appeals reversed the Commission's decision in part, and remanded the case for an award of benefits. *See Kildow v. Baldwin Piano & Organ*, 58 Ark. App. 194, 948 S.W.2d 100 (1997). We granted Baldwin Piano's petition for review of that decision.

 When we grant review following a decision by the court of appeals, we review the case as though the appeal was originally filed with this court. *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 383, 944 S.W.2d 524, 525 (1997). In the present case, we find error in the Commission's decision and reverse and remand for further proceedings.

Ms. Kildow worked for Baldwin Piano as an electronic assembler from February 1993 to March 1994. As an assembly-line worker, her job consisted of securing small electrical components to a board with three to five wires. With a pair of pliers in her right hand, she would grab and twist wires around a post, pull one end of the wires through a hole in the board, flip the board over, twist and secure the wires to the back of the board, and send the board down the line. She worked eight to ten hours per day, five to six days per week throughout the course of her employment. She was allowed a few short breaks during the day.

In early 1994, Ms. Kildow began to experience pain, numbness, tingling, and burning in her right hand and arm, and aching pains in her left hand. After medical tests revealed CTS, she did not return to work. Believing her injuries to be work-related, Ms. Kildow filed a claim for workers' compensation benefits. The administrative law judge (ALJ) ruled that Ms. Kildow failed to prove that her injury was caused by "rapid repetitive motion," specifically, that the evidence did not show that the motion was rapid. The Commission affirmed the ALJ's decision on the same grounds in a two to one vote.

On appeal to the Arkansas Court of Appeals, the appeals court agreed with the Commission's interpretation that the governing statute requires a claimant to prove rapid repetitive motion. The court nonetheless determined that the Commission's decision was not supported by substantial evidence, and reversed and remanded the matter to the Commission for an award of benefits. See Kildow, 58 Ark. App. at 203, 948 S.W.2d at 103-04.

Ms. Kildow's primary argument for reversal is that the Commission erroneously interpreted Ark. Code Ann. § 11-9-102(5)(A)(ii)(a) (Supp. 1997). Specifically, Ms. Kildow contends that it is not necessary to prove rapidity and repetition when CTS is explicitly defined as compensable in the statute.

■ ■ Eligibility for benefits resulting from accidental injuries or death under the Workers' Compensation Act is governed by section 11-9-102(5). When a claimant requests benefits for an injury characterized by gradual onset, section 11-9-102(5)(A)(ii) controls, defining "compensable injury" as follows:

> (5)(A)(ii) An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it is not caused by a specific incident or is not identifiable by the time and place of occurrence, if the injury is:
>
> (a) Caused by rapid repetitive motion. Carpal tunnel syndrome is specifically categorized as a compensable injury falling within this definition[.]

■ The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. Leathers v. Cotton, 332 Ark. 49, 52, 961 S.W.2d

32, 34 (1998) (citing *Mountain Home Sch. Dist. v. T.M.J. Builders*, 313 Ark. 661, 664, 858 S.W.2d 74, 76 (1993)). Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *Id.* The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* The statute should be construed so that no word is left void, superfluous, or insignificant; and meaning and effect must be given to every word in the statute if possible. *Locke v. Cook*, 245 Ark. 787, 793, 434 S.W.2d 598, 601 (1968).

■ ■ We will not substitute our judgment for that of an administrative agency unless the decision of the agency is arbitrary, capricious, or characterized by abuse of discretion. *Social Work Licensing Bd. v. Moncebaiz*, 332 Ark. 67, 71, 962 S.W.2d 797, 799 (1998). To reverse an agency's decision because it is arbitrary and capricious, it must lack a rational basis or rely on a finding of fact based on an erroneous view of the law. *Id.* Although an agency's interpretation is highly persuasive, where the statute is not ambiguous, we will not interpret it to mean anything other than what it says. *Id.*

■ ■ In this case, the Commission erred in its interpretation of the law. The dissenting commissioner was correct in stating that the meaning of section 11-9-102(5)(A)(ii) is plain and unambiguous. That statute explicitly provides that CTS is both compensable and falls within the definition of rapid repetitive motion. To accept the Commission's interpretation that CTS is merely a type of rapid and repetitive motion still requiring proof of that element would be to ignore the second sentence of the provision. We do not interpret statutes to create superfluity. The statute provides that CTS is specifically *categorized as a compensable injury*, not that it is *categorized as a type of rapid repetitive motion*. We will not add words to convey a meaning that is not there. Moreover, we will not disregard the legislative intent expressed in Ark. Code Ann. § 11-9-1001 (Repl. 1996) mandating strict and literal construction of the workers' compensation statutes and admonishing the court to leave policy changes to the legislature.

Finally, the Act provides safeguards to protect employers from claims that are feigned. In addition to showing that the injury arose out of and in the course of employment, the claimant must also produce objective medical evidence that the injury is compensable (section 11-9-102(5)(D)); and for injuries falling within the definition of rapid repetitive motion, the claimant not only bears the burden of proof by a preponderance of evidence, but also must show that the alleged injury is the major cause of the disability or need for treatment (section 11-9-102(5)(E)(ii)).

As an alternative theory for reversal, Ms. Kildow argues that the Commission erred in finding that her injury was not caused by rapid repetitive motion. Because we hold that it is unnecessary to prove rapid repetitive motion when there is a diagnosis of CTS, we do not reach the merits of this argument. The order of the Commission is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.