Suellen LLOYD *v.* UNITED PARCEL SERVICE

CA 99-562                                              9 S.W.3d 564

Court of Appeals of Arkansas
Divisions I, II, and IV
Opinion delivered February 2, 2000
[Petition for rehearing denied March 8, 2000.* ]

---

* JENNINGS, STROUD, and CRABTREE, JJ., and HAYS, S.J., would grant.

*Bartels Law Firm*, by: *Michael J. Sherman*, for appellant.

*Womack, Landis, Phelps, McNeill & McDaniel*, by: *Richard Lusby* and *Mark Mayfield*, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Suellen Lloyd reported a work-related shoulder injury to appellee United Parcel Service (UPS) on January 5, 1997. The injury was accepted as compensable, and Mrs. Lloyd received related medical services and total disability benefits through April 30, 1997. Then, on May 16, 1997, Mrs. Lloyd filed a claim for benefits for carpal tunnel syndrome (CTS) in both hands. She contended that her condition was caused by her work, and she sought continuing temporary total disability benefits through a date yet to be determined, as well as medical benefits. The claim was controverted by UPS, and after a hearing the Workers' Compensation Commission denied compensability pursuant to its finding that Mrs. Lloyd's CTS did not arise out of and in the course of her employment. Mrs. Lloyd now appeals, arguing that the Commission erred in failing to find that she established a compensable CTS injury. We reverse and remand for an award of benefits.

In a workers' compensation case, the claimant has the burden of proving that the claim is compensable. *Maxwell v. Carl*

*Bierbaum, Inc.*, 48 Ark. App. 159, 893 S.W.2d 346 (1995). When the Commission denies coverage because the claimant failed to meet her burden of proof, the substantial-evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *McMillan v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Id.* In reaching our determination, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Id.*

At the hearing, Mrs. Lloyd testified that she had worked as a package driver for UPS since 1981. She injured her shoulder while lifting a package on January 5, 1997, and during her treatment for that injury she related symptoms of CTS to her doctors. She was ultimately diagnosed as having CTS, and release surgery was performed on her right wrist on June 13, 1997, and on her left wrist on August 22, 1997. Since the surgeries, Mrs. Lloyd had shown only limited improvement, had continued to experience pain, and had not returned to work.

Mrs. Lloyd testified that it was her belief that her CTS was gradually caused by her employment duties. She stated that her job entailed lifting and loading packages, as well as delivering and picking up hundreds of packages on a daily basis. Mrs. Lloyd testified that she had been driving a new work vehicle since October 1995. However, prior to that time, she was assigned a truck that had been wrecked and was difficult to handle. She stated that the truck was particularly difficult on gravel roads, and that "[i]t pulled to the right so you had to keep your left hand pulled." She testified that "it was a constant struggle from when I left [on my route] until I got back just to keep the package car centered on the road." Mrs. Lloyd indicated that, due to the problems that accompanied her driving responsibilities prior to October 1995, she experienced numbness in her fingers and pain in her arms.

Two co-employees testified on Mrs. Lloyd's behalf. Both of these witnesses had operated the previously wrecked truck that had been temporarily assigned to Mrs. Lloyd. They testified that the truck had no power steering or automatic transmission, that it

pulled to the side so that a constant firm grip on the steering wheel was necessary, and that the steering wheel vibrated.

There was only one medical opinion in the record that addressed the cause of Mrs. Lloyd's CTS. Dr. Marcia Hixson conducted an independent medical evaluation, and on December 2, 1997, reported:

> Suellen Lloyd seen on 12/2/97 for purposes of IME in order to determine whether or not her carpal tunnel syndrome is related to her job as a UPS package driver.
>
> She is a 45-year-old, right-hand dominant woman who has worked at UPS for about 16 years. She did not have any problems with her arms until about two and one-half years ago when she began noticing pain in the forearms and arms with numbness and tingling in both hands. Just prior to this, she had been placed in a different vehicle to drive which she describes as a "wrecked package truck." She states that steering this vehicle was difficult and she was only able to keep the truck on the road by forceful[ly] gripping the wheel with both hands. She states that after 15 minutes or so of driving, her hands would go numb and tingly and fall completely asleep. She would have to stop and shake her hands out in order to get them to awaken. She started taking non-sterodial medications for this and she had some splints that she wore which seemed to help her problem a little bit. However, she continued to complain of increasing arm and forearm pain and numbness in her hands. She was treated for an injury to her left shoulder in January of this year and started receiving treatment for carpal tunnel syndrome by Dr. Woloszyn in April 1997. She had a nerve conduction study performed which showed bilateral moderate carpal tunnel syndrome. She was treated nonoperatively and eventually had surgical release of both carpal tunnels, the right being 6/13/97, and the left in August 1997. Ms. Lloyd states the right hand was originally the most severely affected, and since surgery, it has very few problems. The left hand, since surgery, no longer falls asleep, but she continues to complain of muscle pain in the forearm and arm. Ms. Lloyd has not worked since January of this year.
>
> As to the cause of her carpal tunnel syndrome, it appears to relate temporally to her job change in which she was asked to drive a truck that was difficult to steer. Although this does not classify as a rapid or repetitive job, with respect to her hands, it appears that the constant gripping of the steering wheel, along with the vibration of the truck, was a significant factor in the development of her carpal tunnel syndrome. Since Ms. Lloyd does not have any medi-

cal problems which would predispose her to a neuropathy, and denies any other activities during that time which would bring on carpal tunnel syndrome, it is my conclusion that her carpal tunnel syndrome was most likely brought about by the driving of the previously wrecked vehicle. It is my opinion, within a reasonable degree of medical certainty, that Ms. Lloyd's work activity was the major cause of her symptoms and the need for the medical treatment and surgery of carpal tunnel syndrome.

On appeal, Mrs. Lloyd contends that the Commission's decision to deny benefits was not supported by the evidence. She points out that, in light of our supreme court's recent decision in *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 969 S.W.2d 190 (1998), she did not have to prove that her CTS was caused by rapid, repetitive motion. Mrs. Lloyd further asserts that, in light of her testimony and the medical evidence, she established that her CTS was causally related to her employment responsibilities. She notes that her job involved constant use of her hands and that, for several months in 1995, her hands were subjected to unusually tight gripping and vibrations as a result of driving the wrecked truck. She also submits that her claim of compensability is supported by the opinion of Dr. Hixson, who thought that Mrs. Lloyd's work activity was the major cause of her symptoms and need for treatment.

■ ■ We hold that the Commission erred in finding that Mrs. Lloyd failed to prove that her condition arose out of and in the course of her employment as required by Ark. Code Ann. § 11-9-102(5)(A)(ii) (Repl. 1996). Mrs. Lloyd's testimony indicated that her work activities caused and aggravated the symptoms in her hands, and there was little, if any, evidence to suggest that her CTS was caused by anything other than work. In denying this claim, the Commission has seized upon some minor inconsistencies in the evidence regarding the onset of Mrs. Lloyd's CTS symptoms. While credibility calls are for the Commission and its findings are insulated to a certain degree from appellate review, its decisions are not, and should not be, so insulated that it would make appellate review meaningless. *See Patterson v. Lay, Inc.*, 66 Ark. App. 159, 992 S.W.2d 130 (1999). Mrs. Lloyd provided witnesses to corroborate her assertion that the previously wrecked truck to which she had been temporarily assigned required constant firm gripping of the steering wheel and that the steering wheel vibrated. Significantly, Dr. Hixson gave the opinion that Mrs. Lloyd's CTS was work-related, and there was no medical opinion to the contrary. Under these circum-

stances, we find that the Commission's opinion fails to display a substantial basis for denial of the relief requested.

Reversed and remanded for an award of benefits.

HART, BIRD, GRIFFEN, and ROAF, JJ., agree.

JENNINGS, STROUD, CRABTREE, JJ., and HAYS, S.J., dissent.

JOHN F. STROUD, JR., Judge, dissenting. I agree with the Commission that the issue of causation in this case turned on the credibility of appellant's history as given to medical personnel, but I disagree with the majority's application of the evidence addressing that issue.

The Commission found that appellant provided an inconsistent history with regard to the onset of her carpal tunnel problems. Noting that no evidence corroborated appellant's two-and-a-half year history of pain and treatment as related to Dr. Hixson and noting that appellant's history as related to the doctor was the only evidence supporting her causation opinion, the Commission assigned little or no weight to the doctor's opinion of a temporal connection between appellant's driving the wrecked truck and developing carpal tunnel syndrome.

It was undisputed that appellant drove the previously wrecked truck for several months in 1995, last driving it in October. Medical records and testimony show that appellant told Dr. Hurst that the tingling in her right and left arms started in August 1996, which would have been ten months after the injury; she later told her physical therapist that her carpal tunnel complaints began in February 1995; in December 1997 she told Dr. Marcia Hixson that the problems had begun two and one-half years earlier. This evidence supports the Commission's finding that appellant provided an inconsistent history with regard to the onset of her carpal tunnel problems.

Dr. Hixson attributed appellant's carpal tunnel syndrome to driving the truck, based upon appellant's relating that her hands tingled after holding onto the wheel, and that she had taken non-steroid medication and had worn splints for the condition. As mentioned above, the Commission assigned little or no weight to Dr. Hixson's causation opinion but found credible the evidence that appellant did not develop carpal tunnel syndrome until ten months after last driving the wrecked truck. Weight and credibility of testi-

mony are matters exclusively within the province of the Commission. *Stephens Truck Lines v. Millican*, 58 Ark. App. 275, 950 S.W.2d 472 (1997).

Following our standard of review, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *McMillan v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997). Accordingly, I would affirm the Commission's denial of the claim because I find a substantial basis for their decision.

JENNINGS and CRABTREE, JJ., and HAYS, S.J., join in this dissent.