Michael CRUDUP *v.* REGAL WARE, INC.;
CNA Insurance Co.

00-342 20 S.W.3d 900

Supreme Court of Arkansas
Opinion delivered July 7, 2000

*Davis, Mitchell & Davis*, by: *Gary Davis*, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Frank B. Newell*, for appellees.

ANNABELLE CLINTON IMBER, Justice. This workers' compensation matter is before us on Petition for Review from an opinion of the Arkansas Court of Appeals. Appellees, Regal Ware and CNA Insurance Co., contend that the Court of Appeals erroneously reversed the decision of the Workers' Compensation Commission. In *Crudup v. Regal Ware, Inc.*, 69 Ark. App. 206, 11 S.W.2d 567 (2000), the Court of Appeals held that a medical opinion addressing the compensability of Mr. Crudup's carpal tunnel syndrome satisfied the statutory requirement that such opinions be stated within a reasonable degree of medical certainty. " We disagree and reverse the decision of the Arkansas Court of Appeals. The decision of the Workers' Compensation Commission is affirmed.

Michael Crudup has been employed by Regal Ware, Inc., since he graduated from high school in 1982. He works on the assembly lines of department 20 where cookware is packaged into boxes. On any given day, employees working on the lines in department 20 may be assigned to any of the four lines in the department. According to testimony, the four lines require substantially the same work, but lines three and four move at a slower pace than the others. The cookware that is packaged in line four is heavier than the other lines. On most days, Mr. Crudup testified that he worked on line one or line two. When working on lines one and two, Mr. Crudup was responsible for placing cardboard diecuts around the pans that came down the assembly line and

putting them into boxes with the covers for the pans. Manipulating the diecuts required use of the wrists and knuckles to bend the cardboard into position.

In 1996, Mr. Crudup developed pain in his wrist while working on the lines. Regal Ware referred him to the company doctor, who discovered a ganglion cyst. The company accepted compensability and paid benefits for the surgery to remove the cyst. Mr. Crudup missed no work as a result of the cyst removal, although he was placed on lighter duty following the surgery. After he returned to regular duty, Mr. Crudup noticed renewed difficulty with his wrist, similar to what he had experienced before the surgery.

On April 4, 1997, Mr. Crudup informed his shift supervisor that he was unable to perform his assigned duties because of the swelling and pain in his right wrist, and he sought treatment independently from Dr. Harold Betton. Dr. Betton ordered electro-diagnostic studies that indicated mild carpal tunnel syndrome in Mr. Crudup's right wrist. Dr. Betton then referred Mr. Crudup to Dr. Michael Moore. After unsuccessful conservative treatment, Dr. Moore performed carpal tunnel release surgery on Mr. Crudup's wrist on July 2, 1997. Mr. Crudup returned to work on September 9, 1997, and has continued to work for Regal Ware since that time.

Mr. Crudup filed a workers' compensation claim seeking temporary total disability benefits, medical benefits, and an attorney's fee. Regal Ware controverted Mr. Crudup's claim for compensation in its entirety. The administrative law judge denied compensation in an order filed on October 31, 1997, finding that Mr. Crudup failed to prove by a preponderance of the evidence that he suffered a compensable injury in the form of carpal tunnel syndrome while employed by Regal Ware. Mr. Crudup appealed the ALJ's determination to the Workers' Compensation Commission, which affirmed the ALJ in an opinion filed on May 15, 1998. In denying compensation, the Commission relied in part on its conclusion that Mr. Crudup failed to prove that his gradual onset injury was caused by rapid and repetitive motion pursuant to Ark. Code Ann. § 11-9-102(5)(A)(ii)(a) (Repl. 1996).

On May 21, 1998, this court held in *Kildow v. Baldwin Piano & Organ*, 333 Ark. 335, 969 S.W.2d 190 (1998), that proof of rapid and repetitive motion is not necessary for a finding of compen-

sability on a claim involving carpal tunnel syndrome. In light of this holding, Mr. Crudup promptly filed a motion for reconsideration of his claim before the Commission. The Commission granted his motion and vacated its May 15, 1998, opinion. Upon reconsideration, the Commission again denied compensation in an opinion filed on March 18, 1999. In its second opinion, the Commission held that Mr. Crudup failed to sustain his burden of proving that his carpal tunnel syndrome constituted (1) an aggravation or recurrence of the 1996 injury, or (2) a new gradual onset injury. Notably, the Commission found that Dr. Moore's medical opinion addressing compensability was not given within a reasonable degree of medical certainty as required by Ark. Code Ann. § 11-9-102(16)(B) (Repl. 1996). This finding specifically pertained to a letter written by Dr. Moore on April 16, 1997, that contained the following report regarding a causal connection between Mr. Crudup's work at Regal Ware and his injury:

> I had a long discussion with Mr. Crudup regarding his medical condition as it related to work. He reports that he performs work which requires repetitive lifting and gripping. I cannot definitively state that the work he performs at Regal Ware is a primary cause of carpal tunnel syndrome, however, if Mr. Crudup does perform repetitive work, it is likely this activity could precipitate, or aggravate, his symptoms. Finally, if I could review Mr. Crudup's work requirements, it would be easier to determine if the carpal tunnel syndrome could be related to this work activity.

The Arkansas Court of Appeals reversed the decision of the Commission, holding that it was not supported by substantial evidence. *Crudup v. Regal Ware, Inc.*, 69 Ark. App. 206, 11 S.W.2d 567 (2000). In reaching this conclusion, the Court of Appeals determined that Mr. Crudup sustained a compensable injury arising out of and in the course of his employment and that Dr. Moore's opinion addressing compensability was stated within a reasonable degree of medical certainty. Regal Ware petitioned this court for review of that determination, arguing that the Court of Appeals erred in holding that Dr. Moore's opinion was stated with a reasonable degree of medical certainty. In light of our recent decision in *Frances v. Gaylord Container Corp.*, 341 Ark. 527, 20 S.W.3d 280 (2000), we must agree.

When we grant a petition to review a case decided by the Court of Appeals, we review it as if it was filed originally in this

court. *Frances v. Gaylord Container Corp.*, *supra*; *Williams v. State*, 328 Ark. 487, 944 S.W.2d 822 (1997). On appeal, this court will view the evidence in the light most favorable to the Commission's decision and affirm when that decision is supported by substantial evidence. *Ester v. National Home Ctrs, Inc.*, 335 Ark. 356, 981 S.W.2d 91 (1998). Substantial evidence exists if fair-minded persons could reach the same conclusion when considering the same facts. *Id.* Where the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires us to affirm if the Commission's decision displays a substantial basis for the denial of relief. *Frances v. Gaylord Container Corp.*, *supra*; *McMillan v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997). We consider, therefore, if a substantial basis exists for the denial of benefits to Mr. Crudup under the facts presented to the Commission.

 Mr. Crudup alleges three alternative theories of compensability regarding his carpal tunnel syndrome. He argues that the injury is either a recurrence of his 1996 compensable injury, an aggravation of the 1996 injury, or a new gradual onset injury. A recurrence is not a new injury but merely another period of incapacitation resulting from a previous injury. *Atkins Nursing Home v. Gray*, 54 Ark. App. 125, 923 S.W.2d 897 (1996). A recurrence exists when the second complication is a natural and probable consequence of a prior injury. *Weldon v. Pierce Bros. Constr.*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). The only evidence which Mr. Crudup presented concerning a causal connection between the 1996 ganglion cyst injury and the 1997 carpal tunnel syndrome was his own testimony that the two injuries caused pain in the same area of l s wrist and that he had been to see the company nurse and complained about pain in his right wrist several times after the cyst removal surgery in 1996. However, testimony by the company nurse, Brenda Fleming, directly contradicts Mr. Crudup's testimony. Ms. Fleming testified that she did not recall Mr. Crudup coming to her office after the surgery to talk about his wrist. Furthermore, her files did not contain any documentation of such complaints after the 1996 surgery. It is within the Commission's sole discretion to determine the credibility of each witness and the weight to be given to their testimony. *General Elec. Railcar Repair Servs. v. Hardin*, 62 Ark. App. 120, 969 S.W.2d 667 (1998); *Wade v. Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989). We therefore

conclude that there is a substantial basis for the Commission's ruling that Mr. Crudup failed to prove that his condition constituted a recurrence of the prior injury.

■ ■ Mr. Crudup also contends that his carpal tunnel syndrome is an aggravation of the 1996 injury. An aggravation is a new injury resulting from an independent incident. *Farmland Ins. Co. v. DuBois*, 54 Ark. App. 141, 923 S.W.2d 883 (1996). An aggravation, being a new injury with an independent cause, must meet the requirements for a compensable injury. *Ford v. Chemipulp Process, Inc.*, 63 Ark. App. 260, 977 S.W.2d 5 (1998). The Commission found that Mr. Crudup failed to show an independent incident. In the absence of such proof and medical evidence linking Mr. Crudup's carpal tunnel syndrome with his 1996 ganglion cyst injury, there is a substantial basis for the Commission's ruling that Mr. Crudup failed to prove that his condition constituted an aggravation of the prior injury.

■ ■ Finally, Mr. Crudup claims that he is entitled to compensation for a new gradual onset injury. To sustain this claim for compensation, Mr. Crudup is not required to prove that his carpal tunnel syndrome was caused by rapid and repetitive motion, but he must prove by a preponderance of the evidence that: (1) the injury arose out of and in the course of his employment; (2) the injury caused internal or external physical harm to the body that required medical services or resulted in disability or death; and (3) the injury was a major cause of the disability or need for treatment. Ark. Code Ann. § 11-9-102(5)(A)(ii) & (E)(ii) (Repl. 1996). *Steveson v. Frolic Footwear*, 70 Ark. App. 383, 20 S.W.3d 413 (2000); *Kildow v. Baldwin Piano & Organ, supra.* Finally, a compensable injury must be established by medical evidence supported by objective findings. Ark. Code Ann. § 11-9-102(5)(D) (Repl. 1996); *Kildow v. Baldwin Piano & Organ, supra.*

■ In denying benefits, the Commission found that Mr. Crudup failed to prove that his injury was the major cause of his disability or need for treatment as required by Ark. Code Ann. § 11-9-102(5)(E)(ii) (Repl. 1996). We agree with the Court of Appeals that this finding was erroneous. Based upon the uncontroverted evidence in this case, Mr. Crudup's injury, i.e., carpal tunnel syndrome, was the major cause of his need for treatment and release surgery and his resulting disability.

However, in addition to satisfying the "major cause" requirement, Mr. Crudup must prove a causal connection between his employment and the injury. *Kildow v. Baldwin Piano & Organ, supra.* Regal Ware argues that Mr. Crudup failed to prove by a preponderance of the evidence that his carpal tunnel syndrome was work-related, and that, as such, the decision of the Commission is supported by substantial evidence. We agree.

■ The only evidence that Mr. Crudup presented to the Commission to support a causal relationship between his work and his carpal tunnel syndrome was the April 16, 1997, letter written by his physician, Dr. Moore, which stated:

> *I cannot definitively state* that the work he performs at Regal Ware is a primary cause of carpal tunnel syndrome, however, if Mr. Crudup does perform repetitive work, it is likely this activity *could* precipitate, or aggravate, his symptoms. Finally, if I could review Mr. Crudup's work requirements, it would be easier to determine if the carpal tunnel syndrome could be related to this work activity.

(Emphasis added.) Medical opinions addressing compensability must be stated within a reasonable degree of medical certainty. Ark. Code Ann. § 11-9-102(16)(B) (Repl. 1996). In *Frances v. Gaylord Container Corp.,* we held that "expert opinions based upon 'could,' 'may,' or 'possibly' lack the definiteness required to meet the claimant's burden to prove causation pursuant to § 11-9-102(16)(B)." 341 Ark. at 533, 20 S.W.3d at 284.

■ Dr. Moore's medical opinion, like that which we rejected in *Frances v. Gaylord Container, supra,* is nothing more than a statement of theoretical possibility. He states only that Mr. Crudup's working conditions *could* have caused his symptoms. We must therefore conclude that Dr. Moore's opinion lacks the requisite definiteness required by § 11-9-102(16)(B). In fact, Dr. Moore's statement that a review of Mr. Crudup's work requirements would make it easier "to determine if the carpal tunnel syndrome could be related to this work activity" indicates that he had not yet formed an opinion regarding a causal connection. Despite the fact that Regal Ware provided Dr. Moore with a description of Mr. Crudup's work activities, the record does not demonstrate that any more definite opinion was ever given by Dr. Moore. Consequently, we hold that Dr. Moore's medical opinion was insufficient to support a finding of compensability.

 The record in this case reflects no other evidence establishing a causal relationship between Mr. Crudup's employment and his carpal tunnel syndrome. Although it was undisputed that his employment requires quick hand and wrist movements throughout the day, such evidence by itself was not sufficient to establish that his carpal tunnel syndrome condition was caused by his work. Likewise, because the burden of proof remained with Mr. Crudup, Regal Ware was not required to introduce evidence establishing that his carpal tunnel syndrome was not work-related. Under these circumstances, we hold that the Commission's decision displays a substantial basis for the denial of benefits. Accordingly, we reverse the Court of Appeals and affirm the decision of the Workers' Compensation Commission.

Affirmed.

GLAZE, J., not participating.