2009 Ark. App. 197

**Donald MINER, Appellant,**

v.

**YELLOW TRANSPORTATION, INC., and Gallagher Bassett Services, Inc., Appellees.**

**No. CA 08–797.**

Court of Appeals of Arkansas.

March 18, 2009.

Martin & Kieklak Law Firm, by: Aaron L. Martin, Fayetteville, for appellant.

Rieves, Rubens & Mayton, by: Eric Newkirk, Little Rock, for appellees.

M. MICHAEL KINARD, Judge.

Donald Miner appeals from an Arkansas Workers' Compensation Commission decision affirming and adopting the opinion of the administrative law judge (ALJ), which denied him benefits under Ark.Code Ann. § 11–9–505 (Repl.2002). Miner argues that substantial evidence does not support the Commission's decision. Finding no error, we affirm.

Miner sustained a compensable injury to his right foot on April 13, 2005. At his hearing before the ALJ in February 2007, the parties stipulated as follows: Miner is entitled to a weekly compensation rate of $466 for temporary total disability and $350 for permanent partial disability; medical expenses have been paid; respondents-appellees have accepted and paid in full a seven-percent impairment rating to the right foot. The issues to be litigated were limited to Miner's entitlement to benefits under Ark.Code Ann. § 11–9–505(a) and attorney's fees. Miner contended that he was owed benefits because his employer, Yellow Transportation, Inc., unreasonably refused to return him to available employment in violation of section 11–

9–505(a). The Commission disagreed and ruled in favor of appellees.

■ Arkansas Code Annotated section 11–9–505 provides, in pertinent part:

(a)(1) Any employer who without reasonable cause refuses to return an employee who is injured in the course of employment to work, where suitable employment is available within the employee's physical and mental limitations, upon order of the Workers' Compensation Commission, and in addition to other benefits, shall be liable to pay to the employee the difference between benefits received and the average weekly wages lost during the period of the refusal, for a period not exceeding one (1) year.

Before a claimant is entitled to benefits under section 11–9–505(a), several requirements must be met. The employee must prove by a preponderance of the evidence (1) that he sustained a compensable injury; (2) that suitable employment which is within his physical and mental limitations is available with the employer; (3) that the employer has refused to return him to work; and (4) that the employer's refusal to return him to work is without reasonable cause. *Torrey v. City of Fort Smith,* 55 Ark.App. 226, 230, 934 S.W.2d 237, 239 (1996). Here, appellant's injury was accepted as compensable and it was not disputed that the employer refused to return appellant to work, so the remaining issues were whether suitable work was available with the employer and, if so, whether the employer's refusal to return appellant to work was unreasonable.

We review this case in light of our well-settled standard of review in workers' compensation cases. On appeal, this court will view the evidence in the light most favorable to the Commission's decision and affirm when that decision is supported by substantial evidence. *Crudup v. Regal*

*Ware, Inc.,* 341 Ark. 804, 20 S.W.3d 900 (2000). Where the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires us to affirm if the Commission's decision displays a substantial basis for the denial of relief. *Id.* A substantial basis exists if fair-minded persons could reach the same conclusion when considering the same facts. *Id.* Therefore, we consider whether a substantial basis exists for the denial of benefits to Mr. Miner under the facts of this case.

At the time of his compensable injury, appellant had been a full-time employee of Yellow Transportation, Inc., since October 2000. He was a member of the Teamster's Union, and his position as a combination driver, or a combined city driver and dock worker, at the company's terminal in Van Buren was covered by a collective bargaining agreement. This job involved, among other things, driving a truck, operating a fork lift, and performing dock work. Because of his restrictions following his injury, appellant could no longer perform the job duties of a combination driver. Upon learning that appellant did not receive a full release from his doctor, appellant's supervisor informed him that there was nothing available for him. However, appellant believed that he could perform the duties of an over-the-road driver (road driver) within his restrictions. There were no road driver positions at the Van Buren terminal. Appellant testified that he wrote a letter to his supervisor requesting a road driver position "pretty much anywhere," but preferably Oklahoma City or Memphis. He never received a response from his supervisor or anyone else at the company. Appellant found several road driver openings at the company during an online search, but testified that he did not apply for any of them. He cited confusion and his assumption that his employer would consider his application for a road

driver position as a resignation from his position as a combination driver; he stated that this would cause problems because he would lose his seniority and associated benefits.

Road driver positions are covered by a separate collective bargaining agreement, which provides that "[u]nder no circumstances will out of classification employees be utilized in the Over–the–Road operation." There was testimony that there is no such thing as "reclassification" of an employee from a combination or city driver to a road driver, and that the only scenario under which an employee could transfer to a road driver position at another facility was if there was a change of operations. A change of operations is not applicable to appellant's situation. Three Yellow Transportation employees—the service center manager for the Van Buren facility where appellant worked, the employee-relations manager, and the director of labor relations for the southern region—testified that in order for appellant to work as a road driver at another facility he would have to resign, wait for six months (per company policy), and then apply for the available position. Doing so would cause appellant to lose his seniority and benefits.

■ Appellant's argument on appeal seems to be that Yellow Transportation's actions were unreasonable because it failed to inform appellant that in order to obtain a position as road driver he would have to resign, wait six months, and apply for an available road driver position. However,

appellant's testimony indicated that he was aware that he could resign and apply for a road driver position, but he chose not to because he wanted to keep his seniority and benefits. The Commission, in adopting the ALJ's opinion, found that Yellow Transportation "has not unreasonably refused to return [Miner] to work because there is no suitable employment for him due to his permanent restrictions.... The collective bargaining agreement covering over the road drivers specifically forbids a reclassification by an employee of the company who is currently under a different classification."[1] Because the collective bargaining agreement precluded appellant's transfer to a road driver position, the record supports a finding that there was no suitable employment available for appellant given his existing classification and his refusal to follow proper procedure to change classifications or a finding that the appellee's refusal to return him to work was not unreasonable. *See Torrey, supra.* Accordingly, we hold that there was a substantial basis for the Commission to find that Miner did not prove by a preponderance of the evidence that he was entitled to benefits under section 11–9–505(a).

Affirmed.

VAUGHT, C.J., and GLADWIN, J., agree.

---

1. The Commission appears to have improperly cited Ark.Code Ann. § 11–9–505(a)(2), which provides as follows:

    In determining the availability of employment, the continuance in business of the employer shall be considered, and any written rules promulgated by the employer with respect to seniority or the provisions of any collective bargaining agreement with respect to seniority shall control.

Because the statute provides only that the provisions of any collective bargaining agreement *with respect to seniority* shall control, it is not determinative of the outcome of this case. Classification, not seniority, under the collective bargaining agreement was at issue in this case.