KAREN R. BAKER, Justice, dissenting. While I agree with the majority’s reversal of the award of attorney’s fees, I disagree with the majority’s holding that the circuit court properly granted the writ of mandamus. Therefore, I dissent. The 1991 agreed order provided as follows: It is the intent of the parties herein to follow the statutory authority in Arkansas as it pertains to ... the sharing of court costs between counties and municipalities. In the event that law is amended or voided, then this agreement shall be amended to reflect then existing statutory law. The existing statutory law changed effective January 1, 2012. Prior to that date, Arkansas Code Annotated section 16-17-115 provided that a county must pay one-half of the salaries of the judges and the clerks of the municipal courts organized in that county. Ark.Code Ann. § 16-17-115 (Supp.1989). Under the new statute, a county is required to pay one-half of the salaries of the district judge and the chief court clerk of the district court, and the town or city is required to pay one-half of the salaries of the district judge and the chief court clerk and the “operational expenses” of the district court, “unless otherwise agreed to by the political subdivisions which contribute to the expenses of the district court.” Ark.Code Ann. § 16-17-115 (Repl.2010). While the majority concludes that the “unless otherwise agreed” provision preserved preexisting agreements, I must disagree. The amended statute provided a new division of ^payments between a county and a city. Nothing in the statute suggests that it preserved agreements that existed prior to the enactment of the new statute. Further, it is illogical to suggest that Lonoke County could reject, in 1991, a division of payments that was not in effect until 2012. The majority notes that under both the old and new version of the statute, a county is required to “make an appropriation of a sum sufficient to pay the county’s proportion of the expenses of any such district court.” This language, however, does nothing more than refer to the statute’s directive that a county is required to pay one-half of the salaries of the district judge and the chief court clerk of the district court. Moreover, the statute as amended specifically sets out a city’s payment obligations, one-half of the salaries of the district judge and the chief court clerk; and the operational expenses of the district court. The statute provides that the town or city shall pay as follows: (i) One-half (1/2) of the salaries of the district judge and the chief court clerk; and (ii) The operational expenses of the district court organized in that town or city under the provisions of § 16-17-901 et seq. unless otherwise agreed to by the political subdivisions which contribute to the expenses of the district court. Ark.Code Ann. § 16-17-115(b)(l)(A) (Repl. 2010) (emphasis added). The political subdivisions here have not agreed otherwise. Accordingly, I would vacate the writ of mandamus. Had the General Assembly intended previously existing agreements to remain binding under the new law, they could have so provided. They did not. In determining legislative intent, we observe a strict rule of construction against retroactive operation and indulge in the presumption that the General Assembly intended statutes enacted by it to operate prospectively only and not retroactively. Jackson v. Sparks Reg’l Med. Ctr., 375 Ark. 533, 294 S.W.3d 1 (2009). Further, we do not add words to a statute to convey a meaning that is not there. See Kildow v. Baldwin Piano & Organ, 338 Ark. 335, 969 S.W.2d 190 (1998). Here, the majority interprets the statute as saying “unless previously otherwise agreed,” an interpretation that is not bourne out by the specific language of the statute. The General Assembly set out a new division of payments between a county and a town or city, and I am loathe to reject the General Assembly’s specific directives. Therefore, I must dissent. GOODSON, J., joins this dissent.